P. T. WALTON *et al.* v. M. R. WILLIAMS *et al.*

1. SUMMONS IN ERROR—*When to Issue.* A summons in error is not required to be issued and served within sixty days after the petition in error is filed in this court. It is required that the appeal shall be taken and perfected (which includes the issue of summons in error) within one year from the rendition of the judgment appealed from.

2. PROBATE COURT—*Transcript From—Certification.* The transcript from a probate court must be certified to by the probate judge and not by the clerk. There is no clerk of a probate court in the sense that there is a clerk of the district court. The act authorizing the probate judge to appoint a clerk is permissive merely, and there may or there may not be a clerk of a probate court, at the option of the judge of said court, and when one is appointed the judge is not disqualified or excused from performing any act or duty which by law he might perform if no clerk had been appointed.

3. SURETIES—*Actions by—Pleadings.* In an action by sureties against their principal it is not necessary that the petition should allege that the sureties had settled or paid the debt for which they were bound by their obligation as sureties. Under § 546, of our code of civil procedure, a surety may main-

tain an action against his principal to obtain indemnity ·against a debt or obligation for which he is bound, *before it is due* and without having first paid or satisfied the same, whenever any of the grounds exist upon which an order of attachment may issue.

4. COSTS—*Taxation of.* A court has no authority upon dismissing an action wherein a receiver has been appointed, to tax, as costs in the action against the plaintiffs, the costs and expenses of running the business placed in the receiver's hands, or for clerk hire, rent, or any unpaid allowance to the receiver. These are not items for taxation as costs but must be recovered, if at all, in an action for that purpose and where an issue may be framed and tried as to the amount and justness of such items, and such items only as the law fixes and designates as costs, can be taxed as costs.

*Error from the Probate Court of Grant County.*

*A. M. Mackay,* for plaintiffs in error.

*Samuel Weston,* for defendants in error.

The opinion of the court was delivered by

TARSNEY, J.:   This case comes to this court upon petition in error upon a transcript of the record of the probate court of Grant county. There is pending a motion by defendants in error to dismiss appeal. There is no merit in either cause assigned therefor. Whether plaintiffs in error caused to be issued from this court, within sixty days, or any other time from the filing of their petition in error, a summons in error, is immaterial, provided the summons in error was issued, and the appeal perfected, within one year from the rendition of the judgment appealed from. The transcript need not be certified by the clerk of the probate court. There is no clerk of the probate court in the sense that there is a clerk of the district court. The law does not require that there shall be a clerk of a probate court. The provision in the Session Laws of 1895, (Laws of 1895, p. 102), that "the probate judge may be permitted to appoint a clerk who may issue process and perform such other acts

ministerial in character as are performed by the clerk of the district court," does not take away the authority of the probate judge to certify to transcripts or do any other act which he might lawfully do or that was his duty to do if such act had not been passed. It was a mere permissive act authorizing the probate judge to have the assistance of a clerk where the business of the court required it, and judges of probate may or may not appoint such clerks at their option.

The motion to dismiss is not sustained.

II. It appears from this record that M. R. Williams and George Blake were the agents at Pond Creek for the Pabst Brewing company, of Milwaukee, Wisconsin; that they gave a bond to the brewing company for the faithful performance of their duties; that plaintiffs in error and various other parties became sureties upon said bond for Williams and Blake.

Plaintiffs in error, without joining the other sureties on said bond as plaintiffs, commenced this action in the probate court of Grant county against the defendants in error, Williams and Blake, alleging the making of said bond; that they became sureties thereon; that defendants had defaulted in the conditions of said bond; that they had become indebted to the obligee in the sum of $325; that plaintiffs had become liable as sureties on said bond for said sum of $325, and asked judgment for that amount.

The bond and contract of surety was not set out in the petition. To this petition a demurrer was filed and sustained. The plaintiffs asked leave to file an amended petition and leave was granted to plaintiffs to move to file an amended petition. Plaintiffs moved to file an amended petition, which was attached to said motion, and the

motion was argued, submitted and by the court denied. The amended petition, in addition to the matters stated in the original petition, set forth a copy of the bond to the brewing company, and the contract of surety endorsed thereon, alleged that the contract was terminated between the brewing company and Williams and Blake; that Williams and Blake were indebted to the brewing company in the sum of $322.42; that they had failed and neglected to pay the same; that the brewing company had notified the plaintiffs of said default and made demand upon Williams and Blake for the payment of the same, and notified the plaintiffs that it would hold them liable therefor upon their contract of surety; that defendants, Williams and Blake, had attempted to dispose of their property within the jurisdiction of the court, with the intent to hinder, delay and defraud their creditors, and without indemnifying. the plaintiffs against their liability as surety upon said bond. The other makers of the surety were made parties defendant.

The court refused to permit this amended petition to be filed, and, afterwards, dismissed the cause. Before the demurrer was sustained or the motion to file an amended petition was denied, an attachment had been issued and, in addition to other property, a one-half interest of defendant, Blake, in a drug store, was levied upon and a receiver was appointed, first, to take charge of Blake's one-half interest in the drug store and, afterwards, to take charge of. and conduct the entire drug business, the other partner in the drug business being made a party to the action.

The record in this case might well be called a comedy of errors. If it were not for the brief of defendants in error, we would be at a loss to understand upon what

theory the court below proceeded in sustaining the demurrer to the petition, and in refusing to permit an amended petition to be filed, and we are yet at a loss to understand the theory of the other proceedings in the case. From the brief of counsel we take it that the court, in sustaining the demurrer and refusing to permit the amended petition to be filed, proceeded upon the theory that sureties, before they can sue their principal and maintain an action against him, must pay or settle the debt for which they are bound by the terms of the obligation which they signed as sureties for their principal, and that the fact of payment must be pleaded. This may be a correct interpretation of the law in the absence of a statute regulating the matter, but § 546 of our code of civil procedure provides:

"A surety may maintain an action against his principal to obtain indemnity against the debt or liability for which he is bound, *before it is due,* whenever any of the grounds exist upon which, by the provisions of this code, an order may be made for arrest and bail or for an attachment.

In this case the plaintiffs, in both petitions, prayed that the defendants be ordered and adjudged to indemnify them, and that, failing to do so, plaintiffs have judgment for the amount of their liability as sureties; and the petition set forth the grounds which would authorize an order of attachment.

This statute was meant to change the common law rule, and that a surety should not be compelled to stand by and see the principal, for whose obligations he was bound, fraudulently dispose of his property and leave his just debts to be paid by those whom he had deluded into becoming his sureties.

The court erred in sustaining the demurrer to the

petition and in refusing to permit plaintiffs to file an amended petition.

III. When the court dismissed the cause, (if the same had been properly dismissed), it had no right to render judgment against the plaintiffs for the expenses of running the drug store, for clerk hire, for rent, or for any unpaid allowance to a receiver. These are not items for taxation as costs in an action when it is dismissed, but must be recovered, if at all, in an action for that purpose, and where an issue may be framed and tried as to the amount and justness of such items; only such items as the law fixes as costs can be taxed as costs. We have here the anomaly of a party who was not a party to the action below, made a party defendant here, because a judgment was rendered in his favor for rents under the theory of taxing costs.

For the reasons stated, the judgment of the court below is reversed and the cause remanded with instructions to permit the plaintiffs in error to file therein their amended petition and to vacate all orders made in said cause subsequent to the refusal by the court to permit such amended petition to be filed.

All the Justices concurring.