[No. 8203.]

## MORSE ET AL. V. FRIEND.

1. STATUTE OF FRAUDS—*Debt of Another*. The fact that a father has paid the bill of a physician for attendance upon the family of his son does not render him liable for the physician's bill for subsequent like attendance. (498, 499.)

2. —— *Part Payment of the Debt of Another*, does not imply a promise to pay the residue. (499.)

3. EVIDENCE—*Admissions*—*Letter Construed.* The father and his son were associated in business. A physician rendered a bill against the son for professional services rendered to the son's wife, and the father sent a check of the firm for a portion of the bill, in a letter, complaining of the amount of the bill, but concluding "I will do the best that I can. You know Will hasn't anything." Judgment against both father and son reversed, and the court below directed to dismiss the action against the father. (498, 499.)

*Error to Prowers County Court.* Hon. C. S. THOMAN, Judge.

Messrs. MERRILL & M'CARTY, for plaintiffs in error.

Mr. J. C. HORN, for defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the court.

This suit was instituted before a Justice of the Peace of Prowers county by the defendant, upon an account for professional services.

Judgment was rendered in favor of the defendant in error, and the case appealed to the County Court, and there tried before a jury, and verdict and judgment rendered in favor of the defendant in error, in the sum of $84.00. The judgment was against both J. W. Morse and Wm. Morse, plaintiffs in error.

It appears that J. W. Morse is the father of Wm. Morse. Both men had families, and lived in separate dwellings during the period for which the services were rendered. They were engaged in some sort of business partnership, under the firm name of J. W. Morse & Son.

Dr. Friend, the defendant in error, had for several years prior been the family physician of J. W. Morse. The services over which the dispute arises were rendered in the treatment of the wife of Wm. Morse. This was not at the instance or request of J. W. Morse.

The basis of the claim against J. W. Morse is proof that J. W. Morse had in other instances, made payment to Dr. Friend for services rendered to his children, including Wm. Morse, and upon the following letter which is self-explanatory:

"Lamar, Colo., Nov. 22, 1912.

My Dear Dr. Friend:

Just received statement of Wm. Morse account. Please find enclosed Check for 25.00. I Cant Spair Eney Moore at Present I think your Charges are rather high I have talked with M. D. and they say that fever Cases generally are from $35.00 to $60.00 Pr Case but I will doo the Best that I Can you know that Will hasent Eney thing.

Yours Resp

(Signed)    J. W. MORSE."

The check referred to was signed J. W. Morse & Son and drawn on the firm account. This is not such a promise to pay as is contemplated by the statute, and the mere fact that J. W. Morse had paid former accounts does not create a liability. Besides this, it appears that the account was entered and rendered as against Wm. Morse alone.

It appears also that Wm. Morse had, prior to payment made by his father, personally made a payment of $50.00 on the account by means of a check signed by him, as J. W. Morse & Son, and drawn upon the firm account.

Further, that J. W. Morse on August 5th, 1911, after the services involved in this case were rendered, and before this suit was instituted, had paid by his personal check to Dr. Friend the sum of $120.50, and upon the face of which check it was written, "For professional services to date." This check was accepted and cashed by Dr. Friend. The doctor himself testifies that he rendered no services for either of the Morse', subsequent to the date of that check.

Plaintiffs in error complain of instruction No. 2, which was as follows:

"Second: You are instructed, gentlemen of the jury, that if you shall find that plaintiff served as the physician in the family of J. W. Morse in years past and in such service attended upon members of the family of his son W. T. Morse, and that for such service the said J. W. Morse has

paid the plaintiff up to and including at least a part of the service, for the payment of a part of which the plaintiff has brought suit, the service is to be considered as under an original contract, and the said J. W. Morse is liable for the payment of the balance due on the said services so rendered."

This was error. The court thus in effect instructed the jury that if it appeared that at any time in years past, the plaintiff had served as a physician in the family of J. W. Morse, and that in so doing had attended some members of the family of Wm. Morse, and that J. W. Morse had paid for such services, and if J. W. Morse had given the check for $25.00 above referred to, then they must find J. W. Morse liable.

The judgment is reversed with instruction to dismiss the case as to J. W. Morse and to render judgment against Wm. Morse for the amount so found by the jury to be due the plaintiff.

GABBERT, C. J., and GARRIGUES, J., concur.