## MIDLAND SAVINGS & LOAN CO. v. CARPENTER.

No. 23413.   October 2, 1934.

Rehearing Denied Feb. 12, 1935.

540

Jno. D. Rogers and Brett & Brett, for plaintiff in error.

Williams & Williams, for defendant in error.

PER CURIAM. This is an appeal from an order retaxing costs against the Midland Savings & Loan Company, herein referred to as Midland. This case was before this court in a former appeal, and the decision is found in 137 Okla. 204, 279 P. 310.

The facts necessary for the decision on this appeal, gathered from the record in this appeal and the former decision, are that A. Lyles, claiming title under a deed from Mrs. Mary J. Carpenter, filed this suit to quiet title to lots 6, 7, and 8, in block 461, in the city of Ardmore. The suit was directed against Mrs. Carpenter, the Midland, and the three children of Mrs. Carpenter and her deceased husband. The trial court entered a decree finding that Mrs. Carpenter was the owner of only an undivided one-third interest in said property, and that her children owned the other two-thirds interest, and that her conveyance as to their interest was void, and decreed that Lyles was the owner of an undivided one-third interest, subject to a first lien for the purchase price in favor of Mrs. Carpenter for $533.33 and an attorney fee of $33.33, and subject to a second mortgage in favor of the Midland for $4,500. The Midland appealed from this decision, and this court held that one of the children had ratified the conveyance of her two-ninths interest by her mother to Lyles, and modified the judgment of the lower court so as to make the interest of Lyles, subject to said mortgages, an undivided five-ninths interest, and in all other respects affirmed the judgment of the lower court.

The lower court entered judgment on the mandate, but in doing so made a mistake in reciting that the judgment in favor of Mrs. Carpenter was for $1,000 and an attorney fee

of $100, instead of $533.33 and an attorney fee of $33.33. When the attorney for the Midland discovered this mistake the next day after the judgment was filed, he filed a motion to vacate it because it did not conform to the original decree as affirmed by this court. Before this motion could be heard Mrs. Carpenter caused an order of sale to be issued for the sale of said property under said incorrect judgment on the mandate, and the property was advertised for sale thereunder, and a short time before the sale the Midland procured an order restraining the sale of said lot 6 until said motion could be heard, and the sheriff sold only said lots 7 and 8. Thereafter the court corrected its erroneous judgment so as to make it speak the correct amount of the judgment in favor of Mrs. Carpenter, and thereafter a second order of sale was issued for the sale of said lot 6. Mrs. Carpenter purchased said lots 7 and 8 for $50, and said lot 6 for $450, at said foreclosure sales.

A few days after the original judgment was entered, a receiver was appointed to take possession of said property, and he collected $1,084.50 as rents. This sum was disbursed under orders of the court as follows: $275 was paid the guardian ad litem for the minor defendants as his fees; $36.75 was paid for printing the brief for the guardian ad litem; $108.45 was paid an agent to keep the property rented and to collect the rents; the receiver was paid a fee of $150; certain sums were paid for insurance and repairs on said property, and the residue in the sum of $421.46 was paid to the county treasurer to apply on taxes on said property.

The property having sold for less than enough to pay the judgment in favor of Mrs. Carpenter, with interest, attorney fees, and costs, she filed a motion to retax the costs against the Midland in the following amounts: $30.68, being the amount of court costs that accrued after said first appeal was taken; $151.75 of the amount paid said guardian ad litem as fees and expenses; said item of $108.45, paid by the receiver to keep said property rented and to collect the rents; $75 of the fee allowed the receiver; $25.32, the costs of said second sale.

The Midland filed a demurrer to said motion to retax, which was overruled, and it then filed a response denying that it was liable for any of said items, and alleging that it was in part successful both in said appeal and in the motion to modify the decree entered on the mandate, and it further alleged that said matters were res adjudicata, and it further alleged that Mrs. Carpenter had been guilty of fraud which induced it to loan $4,500 on said property, which was used in erecting improvements thereon, and which it has entirely lost by this litigation.

On the hearing of said motion to retax, the lower court retaxed $304.28 of said costs to the Midland, and it is from this order that this appeal is taken. It is not clear how the court arrived at said sum, as the items sought to be retaxed aggregated $391.-21.

It is necessary, first, to dispose of an objection by Mrs. Carpenter to the sufficiency of the petition in error for the reason that the petition in error does not contain an assignment that the court abused its discretion in rendering the judgment complained of.

Among the assignments of error is one that the court committed error in overruling the motion for new trial, and also one that the judgment of the court is contrary to the evidence and the law. The motion for new trial contained eight specifications of error, among them that the judgment is contrary to the evidence, that the judgment is contrary to the law, and that the judgment penalizes the Midland for taking the first appeal, regardless of the fact that this court found that said appeal was meritorious and modified the judgment.

It was decided in an early case that the assignment that the court erred in overruling the motion for new trial is sufficient to review all questions raised upon the motion for new trial. Richardson v. Mackey, 4 Okla. 328, 46 P. 546. This decision has been repeatedly followed by later decisions, and we think the assignments are sufficient to review the questions raised by this appeal.

The Midland contends that under section 424, O. S. 1931, the lower court did not have the right to apportion the costs except as therein provided, and then they were "to be collected on the order of sale or sales issued thereon." This statute relates to costs in foreclosure proceedings. On the other hand, Mrs. Carpenter contends that the court had the right to assess the costs under section 521, O. S. 1931, "and apportion the same between the parties on the same or adverse sides, as in its discretion it may think right and equitable."

This action was commenced as one to quiet title, and was of purely equitable cognizance.

542

Walden v. Potts, 97 Okla. 24, 222 P. 549. Since no other statute provides for the taxing of costs in such an action, section 521 applies. The action of the court in taxing costs under said section will not be disturbed on appeal, unless it clearly appears that the court has abused its discretion. LeCompte v. Jones, 136 Okla. 1, 275 P. 634. In taxing the costs in this case the court must be governed by principles of equity, and the discretion must not be so exercised as to result in injustice or oppression. 15 C. J. 34.

The record shows that Mrs. Carpenter was the ultimate beneficiary of the former appeal. It resulted in increasing the interest the purchaser of said additional two-ninths interest, and at the foreclosure sales she was the purchaser of said additional two-ninths interest. The Midland, by taking said appeal, was responsible for this modification of the decree of the lower court, yet it lost its entire second mortgage, since the property did not sell for enough to pay the first lien of Mrs. Carpenter. Under these circumstances, the Midland should not be punished for taking said appeal, which was in part successful, and which inured to the benefit of Mrs. Carpenter. Assuming that the items of $30.68 and $151.75 were caused by said appeal, they should not be taxed against the Midland for the foregoing reasons.

The items of $108.45 and $75 were in connection with the receivership. They were paid out of the funds in the hands of the receiver. It does not appear who instituted the receivership proceedings, but no question is raised as to the propriety of it. It resulted in benefit to Mrs. Carpenter in that the property on which she had a first lien, and which she purchased, was preserved and kept insured, and a substantial portion of the fund accumulated was used to pay taxes on said property, and a portion of it was used to pay the fee and expenses of the guardian ad litem, which were a part of the taxable costs. It was proper to pay said items out of the fund accumulated in the hands of the receiver, and it was improper to tax them against the Midland. 15 C. J. 113; 53 C. J. 299; Walton v. Williams, 5 Okla. 642, 49 P. 1022.

The item of $25.32 was incurred by reason of the error of the court, induced by Mrs. Carpenter, in increasing the amount of her judgment lien in the judgment on the mandate. The Midland properly called this mistake to the attention of the court, first by a motion, and when that did not get results, then by the restraining order. The court cor-rected the mistake in the hearing on the motion of Midland. True, since the property did not sell for enough to pay the first lien, no one benefited by said restraining order and motion, but at the time said proceedings were begun it could not be anticipated that the property would not sell for more than enough to pay the first lien held by Mrs. Carpenter. It would be unjust to tax said costs against the Midland under these circumstances.

For the foregoing reasons, the lower court abused its discretion in retaxing said costs against the Midland, and the judgment of the lower court is reversed, and this cause is remanded, with directions to dismiss said motion to retax said costs.

The Supreme Court acknowledges the aid of District Judge Thurman S. Hurst, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter, the opinion, as modified, was adopted by the court.