## PONCA CITY v. SWAYNE.

No. 24030.    Oct. 8, 1935.

Rehearing Denied Oct. 29, 1935.

Application for Leave to File Second Petition for Rehearing Denied Nov. 19, 1935.

W. K. Moore and R. O. Wilson, for plaintiff in error.

Wieck & Armstrong, for defendant in error.

PER CURIAM. The defendant in error, who was plaintiff below, will be referred to herein as plaintiff. The plaintiff in error, the defendant below, will be referred to as defendant, or as the city.

Plaintiff sued the city for personal injuries caused from an alleged defect in a sidewalk on one of its principal streets. The accident occurred on the east side of Second street, just south of the alley between Central and Grand avenues. It appears that the sidewalk at this point is about nine feet wide; that the alley, slop-

ing down towards the gutter at the edge of the street, made the pavement of the alley below the level of the sidewalk towards the street side, but almost level with the sidewalk at the east side.

The defect complained of was about four feet from the west or outside edge of the sidewalk and just south of the alley. The plaintiff, in describing the defect and the reason why she failed to avoid the accident, said:

"At the longest place east and west it was about 18 inches, but at the east end of the place, north and south at the long place was 11 inches; the west about seven, it was two to four inches deep, and walking north the light behind you, the shadow of the body would blur that place walking north, that is the way I stepped in it."

Her testimony was supported by other witnesses testifying on her behalf. There was no substantial conflict in the testimony of the defendant as to this defect, or that it had existed for a period of several years.

The plaintiff, who was a women 52 years old, testified that she stepped into this hole on the evening of January 12, 1931, at about 7 p. m., as she was returning to the rooming house where she was stopping, from her evening meal at a restaurant on Second street. She fell forward, injuring her left knee and straining her back. With the assistance of the lady who accompanied her, she continued on to her room, and the next day went to see her daughter, several blocks away. She did not see a doctor until three days after the injury. The doctor found no bones broken, but lacerations of the knee, and recommended that the knee be wrapped with elastic bandages and light and heat administered to it. Plaintiff's doctor testified that she was still suffering from the injury at the time the case was tried, which was a year after the accident. He further testified that it was indefinite as to when she would recover completely.

In her petition, plaintiff makes the following allegations with respect to her damage:

"7. * * * Plaintiff further alleges that, by reason of said injury so sustained as aforesaid, she has been damaged in the sum of $3,500.00; that because of her injuries, plaintiff has been compelled to undergo expenses for medical attention and personal care in the sum of $250.

"8. That at the time of said injuries, plaintiff was free from all bodily ailments and was in perfect health. That by reason of said injuries her health has been permanently impaired, that she has undergone great and excruciating bodily pain and suffering and great mental worry and suffering by reason of which she has been damaged in the sum of $1,250."

She prayed for damages in the sum of $5,000. We understand from the above allegations that the plaintiff seeks damages in the sum of $3,750 for the impairment of her earning capacity and the amount she was required to pay for doctor bills and treatment, and that she seeks $1,250 for the pain and suffering, both mental and physical, resulting from the injury. Prior to her injury, she had worked as clerk in several stores and had also been employed in a rooming house. Her highest wage was $12 per week.

The answer of the defendant, in effect, is a general denial, and contains allegations that plaintiff was guilty of contributory negligence.

■ The first legal question presented by plaintiff in error is the refusal of the trial court to consider and act favorably upon a supplemental motion for new trial. The verdict was rendered January 13, 1932; motion for new trial filed January 15, 1932, and supplemental motion for new trial filed January 16, 1932. The ground of the supplemental motion was alleged misconduct on the part of the jury, in that, during the deliberations, a member of the jury stated that the city carried insurance covering damages of the character complained of. The plaintiff sought to support the motion by affidavit of one of the jurymen, and also recites in the motion that "the defendant in support of this motion will offer both affidavits and oral testimony." On motion of the plaintiff, the supplemental motion for new trial was stricken.

In support of its contention, the city cites the cases of Missouri O. & G. Ry. Co. v. Smith, 55 Okla. 12, 155 P. 233, and Carter State Bank v. Ross, 52 Okla. 642, 152 P. 1113; also Mattox v. U. S., 146 U. S. 140, 13 Sup. Ct. 50, 36 L. Ed. 917.

The case first cited by counsel was one in which this court relied upon the decision in Carter State Bank v. Ross, supra, and held that it was error to exclude the testimony of two jurymen to the effect that, in the deliberations of the jury, a member thereof had exhibited an injury similar to that of which the plaintiff in the case there under consideration complained. It is to be noted, however, that the court held that

the error in excluding the testimony was not material in that instance, since it was not shown that the act of the jurymen influenced the verdict.

Subsequently, this court, in the case of Egan v. First National Bank, 67 Okla. 168, 169 P. 621, specifically overruled the case of Carter State Bank v. Ross, supra, and held (quoting the second paragraph of the syllabus) :

"Affidavits or testimony of jurors will not be received for the purpose of impeaching the verdict which they have solemnly made and publicly returned into court."

This court, in the case of Oklahoma, K. & M. Ry. Co. v. McGhee, 84 Okla. 116, 202 P. 277, speaking through Mr. Justice Kane, said :

"As counsel principally rely upon the affidavit of two of the jurors who participated in the trial to impeach the verdict, they do not seem to urge this assignment with the assurance which it is said is born of conviction. In their brief they say : 'We are well aware that this court has held that affidavits of jurors will not be heard to impeach the verdict, but in the last two cases, so far as we have been able to find, three of the Justices dissented. Egan v. First National Bank of Tulsa, 66 Okla. 168, 169 P. 621; Baker v. Dorsson, 67 Okla. 214, 169 P. 1071.'"

"Counsel present this question again. They say in their brief, 'in hope that the court may again overrule itself and return to the doctrine as expressed by Justice Brewer in Mattox v. United States, 146 U. S. 140, 13 Sup. Ct. 50, 36 L. Ed. 917, and Carter Bank v. Ross, 52 Okla. 642, 152 P. 1113.'

"The court, we fear, is so irretrievably committed to the doctrine assailed that it cannot depart from it at this late date. There is a long and unbroken line of cases to the effect that upon grounds of public policy jurors will not be heard by affidavit, deposition, or other sworn statement to impeach or explain their verdict, or show on what grounds it was rendered, or that they made a mistake, or misunderstood the law or the result of their finding, or to show what items entered into the verdict or how they arrived at the amount. Jurors will only be heard in support of their verdict or conduct when same is attempted to be impeached."

There is no suggestion in the case at bar that the statement made at the time the jury was deliberating could be proved, except through the testimony of members of the jury, and we hold that the trial court did not commit error in striking the supplemental motion for new trial.

■ The city next contends that the trial court erred in overruling its demurrer to the evidence and in refusing to give a peremptory instruction in its favor. As stated, there is no substantial conflict as to the existence of the condition which was described by the plaintiff and a number of other witnesses. This court has held in recent cases that where the alleged defect in a sidewalk is shown to be of such a slight character that a trial court can say that no careful or prudent man would reasonably anticipate any danger from its existence, and yet an accident does occur, the question of the city's liability is one of law; but, where the defect is of such character that careful and prudent men might reasonably differ as to whether an accident could or should have been anticipated, then the question of the city's liability is one of fact. See City of Bristow v. Pinkley, 158 Okla. 104, 12 P. (2d) 229, and City of Tulsa v. Frye, 165 Okla. 302, 25 P. (2d) 1080. After consideration of the evidence in this case, we are unable to say that the trial court committed error in treating the issue as being one of fact rather than law. In this connection see Kaw City v. Wooden, 130 Okla. 162, 265 P. 1057; City of Duncan v. Brown, 69 Okla. 246, 172 P. 79; City of Picher v. Barrett, 120 Okla. 66, 249 P. 739; Town of Fairfax v. Giraud, 35 Okla. 659, 131 P. 159.

■ The city further complains of the action of the trial court in refusing to permit the jury, at the request of the city, to view the place of the accident. The testimony showed that the defective condition had been repaired by the city before the trial. The trial court, in the exercise of its discretion, properly denied the request of the city to view the premises, which admittedly had been changed after the accident had occurred. Spurrier Lumber Co. v. Dodson, 30 Okla. 412, 120 P. 934.

■ We consider seriously the claim of the city that the damage awarded by the jury and approved by the court is excessive. Counsel for the plaintiff argue that the city is not in a position to urge this point, because it is not listed as one of the assignments of error. However, the second ground of defendant's motion for new trial is:

"Second. Excessive damages given to the plaintiff, appearing to have been given under the influence of passion and prejudice."

The overruling of said motion is assigned as error. It has been held on a number of occasions that such assignment of error is sufficient to review the questions raised up-

on the motion for new trial. Richardson v. Mackay, 4 Okla. 328, 46 P. 546; Midland Savings & Loan Co. v. Carpenter, 170 Okla. 539, 40 P. (2d) 1052.

It is the province of the jury, however, to fix the amount of recovery, and it is the province of the trial court to approve or disapprove the verdict. While we are inclined to believe, in this case, that the jury acted with liberality in awarding the damages, we are not prepared to say that it clearly appears from the record in this case that the jury committed gross or palpable error or acted under any improper bias, influence or prejudice. Bucktrot v. Partridge, 130 Okla. 122, 265 P. 768; Henshaw v. Brunson, 137 Okla. 180, 278 P. 645; Muskogee Electric Traction Co. v. Dunnam, 129 Okla. 70, 263 P. 1091; Sand Springs Ry. Co. v. Westhafer, 92 Okla. 89, 218 P. 525; Sand Springs Ry. Co. v. McGrew, 92 Okla. 262, 219 P. 111.

Finding no error in the record, the judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys B. C. Conner, Joe Chambers, and Y. P. Broome in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Conner and approved by Mr. Chambers and Mr. Broome, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS, WELCH, PHELPS, and CORN, JJ., concur.