DEAUVILLE CORPORATION, a Delaware corporation, v. IVY T. BLOUNT, as Trustee; DEAUVILLE CORPORATION, a Delaware corporation, v. IVY T. BLOUNT, as Trustee and CHARLES A. CARROLL; DEAUVILLE CORPORATION, a Delaware Corporation, v. IVY T. BLOUNT, as Trustee, and FRANK O. PRUITT.

34 So. (2nd) 537            January Term, 1948

March 19, 1948             Special Division B

Rehearing denied April 23, 1948

*Charles Danton, Redfearn & Ferrell* and *James Lathero,* for appellant.

*Murrell, Fleming & Flowers* for Ivy T. Blount, *Walter Humkey* for Frank O. Spain, *George J. Baya* for Charles A. Carroll and *Thomas H. Anderson,* for Frank O. Pruitt, appellees.

ADAMS, J.:

This appeal relates to the propriety of an award of fees to a receiver and the attorneys for the receiver.

A receiver was appointed for the Deauville Corporation. Upon review to this court we held in Deauville Corporation v. Blount, 157 Fla. 753, 26 So. (2nd) 884:

"It is our view that the opinion and judgment if this Court dated April 16, 1946, was determinative of the cause and the

only order to be entered in the lower court was one of dismissal. Therefore the petition for interlocutory certiorari is hereby granted and the order dated May 20, 1946, as entered below is hereby quashed, without prejudice to the entry of appropriate orders for the payment of costs and expenses lawfully incurred to date hereof."

In the meantime the receiver and his attorneys had rendered varied and substantial services for the corporation for which the lower court made an award and ordered same to be paid by the corporation.

It is urged that the award should not have been made and also that if proper the amount decreed was excessive.

The rule is well established in this state that the cost in equity cases does not always fall upon the loser as a matter of course. A general rule, supported by good authority, is stated in 45 Am. Jur., Sec. 290, Page 224:

"Courts generally are vested with large discretion in determining who shall pay the cost and expenses of receiverships. The court may assess the costs of a receivership against the fund or property in receivership or against the applicant for the receivership, or it may apportion them among the parties, depending upon circumstances."

Application of the rule would be otherwise in cases where the court appoints a receiver without jurisdiction. Here the court had jurisdiction on both parties and subject matter, but simply erroneously exercised same.

In this case the chancellor was confronted with a situation where the receiver and his attorneys had rendered a valuable service which redounded to the financial benefit of the corporation in receivership. In other words, the factual situation presented a case to support a decree against the corporation in receivership.

As to the amount being excessive, we are unwilling to put the chancellor in error because there is ample evidence, mostly uncontradicted, to sustain the amount of the decree.

Affirmed.

THOMAS, C. J. CHAPMAN, J., and JACKSON, Associate Justice, concur.