Christian BROWN and Frances J. Brown, Plaintiffs in Error,

v.

Thelma HOLDEN, Defendant in Error.

No. 40983.

Supreme Court of Oklahoma.

Oct. 19, 1965.

Rehearing Denied Feb. 1, 1966.

Roper & Roper, by Clay M. Roper, Oklahoma City, for plaintiffs in error.

Suits & Weiss, Fred E. Suits, Mary L. Weiss, Oklahoma City, for defendant in error.

LAVENDER, Justice.

This action was begun in the District Court of Oklahoma County, Oklahoma, by the defendant in error, hereafter referred to as plaintiff, against the plaintiffs in error, referred to as defendants, to recover $12,000.00 and interest. It is alleged that this sum, evidenced by a cancelled check, was a loan, the check attached to the petition bearing a notation:

"Loan for 24 months starting 4–20–1960. Interest payable on principle at 6% annually. Interest payable quarterly from date of 4–20–60."

The check was made payable to the defendant Frances J. Brown and was endorsed:

"For Deposit Only, Frances J. Brown by Christian F. Brown"

Both Frances and Christian are defendants herein. The inclusion of Christian as

a defendant is based upon the following letter which was made a part of the pleadings:

"Dec. 3, 1961

"Dear Thelma—

"Hope this finds you well and doing all the good.

"I am enclosing a check for the interest I am late on. I was writing checks this evening for the bills, and it came to mind that I needed to send you one. I am also enclosing a second check for the next interest due. * * *"

After the disposition of motions and demurrers and the filing of many amendments, the answer of the defendants alleged the following set-offs and counterclaims in addition to a general denial of all of the allegations of the petition.

1. It is alleged that plaintiff purchased Lot 44–A of Pan-O-Ramic Lakes Estates on December 29, 1960 and requested defendant to pay for same in the amount of $2,285.00, for which amount defendant obligated herself.

2. That defendants paid $5,000.00 on the cost of a house built by plaintiff.

3. That defendants paid the sum of $310.00 to repair damage to plaintiff's house at request of plaintiff.

4. That defendants paid the sum of $2,460.75 on indebtedness of plaintiff to O. J. James, Sr.

There was the admission of a balance of over $900.00 due for which tender was made.

No reply was filed by plaintiff.

Upon this state of the pleadings the plaintiff filed a motion to strike certain defenses urged and for judgment on the pleadings. This motion the trial court sustained and entered judgment on the pleadings for the entire amount sued for by plaintiff.

Upon this appeal the defendants urge the following propositions:

"Proposition I. Said court erred in overruling the Demurrer of Christian F. Brown, plaintiff in error, to the Amended Petition of the defendant in Error, Thelma Holden.

"Proposition II. The court erred in overruling the Demurrer of Frances J. Brown, plaintiff in error, to the Petition of the defendant in error.

"Proposition III. Error of the trial court in striking paragraphs 2 to 9 of Second Amended Answer.

"Proposition IV. Error of the trial court in sustaining the motion for judgment on the pleadings."

Before considering these contentions, there are certain preliminary matters which must be borne in mind.

1. The issues determined by the trial court were *on the pleadings;* hence, any evidence taken by deposition is wholly irrelevant and must not be considered.

2. The truth or falsity of the allegations of the pleadings is not an issue. The only question before this Court is whether, assuming the truth of the allegations, a defense is stated by the defensive pleadings.

With these in mind, let us look at the above arguments. The first contention, supra, in reference to the overruling of the demurrer of Christian F. Brown requires an analysis of the allegations of the amended petition. The following facts are established beyond cavil.

1. The debt involved was that of Frances J. Brown.

2. The sufficiency of the petition as to Christian must be determined from the following allegation plus the alluded exhibit:

"3. Plaintiff further alleges that said loan for $12,000.00 was negotiated by the said Frances J. Brown with the plaintiff with the full knowledge and acquiescence of the said Christian F. Brown, and for the benefit of both the said Christian F. Brown and Frances J. Brown."

The exhibit is quoted supra. The debt being that of Frances, in order to hold

Christian, the statute of frauds (15 O.S. 1961, § 136, par. 2) must be avoided for this is an attempt to hold Christian for the debt of another, and the sufficiency of the memorandum in writing is thus directly presented.

The question of whether a promise, such as the plaintiff alleges Christian made in this matter, was the promise of a surety to answer for another's debt was considered in the Chancellor Kent classification set out in 49 Am.Jur., Statute of Frauds, Sec. 62, pg. 419. The Chancellor says that the statute applies to " * * * (2) cases in which the collateral undertaking is subsequent to the debt, and was not the inducement of it, although the subsisting liability is the ground of the promise, without any distinct and unconnected inducement; * * *"

The present case comes clearly within such classification which American Jurisprudence states is "undoubtedly correct" as to number 2.

██ But without discussing the question advanced of lack of consideration passing to Christian, there is a more serious objection presented here. The exhibit, which is the only basis for avoiding the statute, contains no promise, which must be embodied in the memorandum in order to avoid the statute.

We consider the letter written in this case to be similar in many respects to that written in the case of Morse et al. v. Friend, 59 Colo. 496, 149 P. 618. In that case a son owed his physician a bill. When the statement was received, the father wrote the following letter to the physician:

"Lamar, Colo., Nov. 22, 1912.

"My Dear Dr. Friend: Just received statement of Wm. Morse account. Please find enclosed Check for 25.00 I Cant Spair Eney Moore at Present I think your Charges are rather high I have talked with M. D. and they say that fever Cases generally are from $35.00 to $60.00 Pr Case but I will doo the Best that I Can you know that Will hasent Eney thing.

"Yours Resp (Signed) J. W. Morse."

This was held insufficient to take the matter out of the operation of the statute of frauds, the first paragraph of the editorial syllabus reading:

"Defendant, who was in some sort of a partnership with his son wrote plaintiff, who had rendered professional services for the son, acknowledging receipt of a statement of the son's account, and inclosing a check for a part of the amount due, and stating that he could not spare any more at that time; that he thought the doctor's charges were rather high, but that he would do the best he could; and that the doctor knew the son had not anything. The check inclosed was signed in the firm name and drawn on the firm account. Held, that there was no such promise to pay as is contemplated by the statute of frauds to render one liable on a promise to pay the debt of another."

This was a stronger letter than that written in the instant case. We hold that the trial court erred in overruling the demurrer of Christian F. Brown.

The remaining propositions of the plaintiffs in error deal with the striking of the various items urged as defenses. We consider first the item of $2,285.00 alleged by the defendants in the Second Amended Answer as follows:

"* * * That the Plaintiff was to pay Lake Estates the sum of $2,285.00, and Defendant obligated herself to pay Pan-O-Ramic Lakes Estates the sum of $2,285.00 at the oral request of the Plaintiff, * * *"

While under the common law a surety generally could not recover from his principal until the former had paid the debt for which he had become surety, such rule has been modified by statute in Oklahoma.

See 12 O.S.1961, § 1108, which provides as follows:

"A surety may maintain an action against his principal, to obtain indemnity against the debt or liability for which he is bound, before it is due, whenever any of the grounds exist, upon which, by the provisions of this code, an order may be made for arrest and bail, or for an attachment."

12 O.S.1961, § 1151, provides as the first ground for an attachment:

"1. When the defendant, or one of several defendants, is a foreign corporation, or a non-resident of this State, * * *."

and the obligation arose wholly within the State of Oklahoma. See also Walton v. Williams, 5 Okl. 642, 49 P. 1022. Plaintiff in the instant action is a resident of Wyoming. In view of the foregoing we hold that the defendant, in that portion of the Second Answer hereinabove quoted, has sufficiently alleged a proper item of set-off.

Before commenting upon the remaining items urged in defense, we shall dispose of the contention of the defendants in reference to the failure of plaintiff to have paid the intangible tax provided by statute. We think this argument without merit. The amended petition contains the following allegation:

"Plaintiff further alleges and states that she is and has been at all times hereinabove mentioned a resident of the State of Wyoming and that the indebtedness above described has never acquired a business situs within the State of Oklahoma and is therefore not subject to the assessment and payment of intangible taxes."

If sustained by the evidence upon the trial, this state of facts exempts from tax. See Glen v. Buck, Okl., 272 P.2d 573.

We come now to the individual items pleaded as off-sets or counterclaims by the defendants. The first of these is the $5,000.00 alleged to have been paid for the construction of a home. The amended answer alleges:

"3. That after purchasing said lot by Plaintiff, Plaintiff entered into a contract with Bill Freeman of Oklahoma City, Oklahoma, to construct and build a house on said lot, at a cost price of $5,500.00, and at the time said Plaintiff paid to said Bill Freeman $500.00; and that said house was built according to said contract, and when completed, Plaintiff orally requested said Defendant to pay said contractor the balance of the contract price of $5,000.00, which Defendant paid on or about July 1, 1961, by Defendant Christian F. Brown at the request of Plaintiff, Thelma Holden. Defendant alleges that said contract to purchase and build said house was in writing and that said Plaintiff has a copy thereof in her possession, or should have; and if said Plaintiff will furnish the Defendant a copy of same, she will attach same to this Second Amended Answer. Defendant further alleges that she is entitled to said credit of $5,000, so paid to Bill Freeman at the request of Plaintiff, together with interest at the rate of 6% from July 1, 1961. A copy of said cancelled check is hereto attached, marked EXHIBIT B, and made a part hereof."

In the same category is the allegation concerning the $310.00 paid for repairs on the house at the request of plaintiff. If the evidence sustains these allegations concerning these two items, they constitute a defense. The plaintiffs in their brief point out that three of the items which the defendant seeks to set-off were apparently paid by checks on a corporation, namely, Party Time Sales, Inc., by Christian F. Brown. The existence of these checks does not destroy the right of set-off as to the items but will go to the proof, or lack of it, to support the allegation of the defend-

ant's answer that she in fact paid these items. The defendant Frances J. Brown in her Amendment to Second Amended Answer alleges inter alia "That said payments were made on behalf of the Defendant Frances J. Brown, and at her request, * * *" Whether these allegations can be supported by proof will be considered upon the trial of the case.

It is attempted to draw a distinction between counterclaims and set-offs by the plaintiff. Granted that such a distinction exists, both when arising from contract may be pleaded as a defense. See 12 O.S.1961, §§ 272, 273 and 274. See also Tiger v. Sellers, 10 Cir., 145 F.2d 920; Conservative Loan Co. v. Sarkey, 92 Okl. 257, 219 P. 107. And in Wood & Co. v. Val Blatz Brewing Co., 112 Okl. 119, 240 P. 115, the first paragraph of the syllabus reads:

"In an action against one upon contract, he may offset or plead as a defense thereto any claim arising to him by virtue of any contract with the one instituting the suit."

As to the last item of $2,460.75 paid on the indebtedness of plaintiff to O. J. James, Sr., the allegations of the answer are as follows:

"5. Defendant further alleges that Plaintiff had borrowed from her Father, O. J. James, Sr., the sum of $2,-460.75, including interest, which was unpaid, and that upon the oral request of Plaintiff to said Defendant to pay O. J. James, Sr. said sum of money, said Defendant did pay to O. J. James, Sr., the sum of $2,460.75, as requested by said Plaintiff, and that by reason thereof, Defendant is entitled to a credit on the said obligation of $12,-000.00, so borrowed from the Plaintiff, the sum of $2,460.75, together with interest at the rate of 6% from June 15, 1963, until paid. A photostat of said check is hereto attached marked Exhibit E and made a part hereof."

Here again it must be borne in mind that the judgment herein was rendered on the pleadings. Hence the deposition of O. J. James, Sr. cannot be considered. On final hearing on the merits, the evidence may or may not sustain the above allegations, but certainly the quoted paragraph states a pro tanto defense by way of set-off.

The objection urged by the plaintiff to the allowance of these items as a defense is that these claims were not assigned to the defendant. With this contention we cannot agree.

This is not a suit based upon assigned claims; hence neither an assignment nor compliance with the statute of frauds is necessary. The specific allegation is that these items were paid at the request of plaintiff. This, if true, makes the claims by way of set-off for money loaned plaintiff and not on assigned claims.

Further, we believe the statute 15 O.S. 1961, § 75, applicable here. This section reads as follows:

"A voluntary acceptance of the benefit of a transaction is equivalent to a consent to all the obligations arising from it so far as the facts are known, or ought to be known to the person accepting."

In this connection in the case of Massachusetts Bonding & Ins. Co. v. Vance, 74 Okl. 261, 180 P. 693, 15 A.L.R. 981, in the 4th paragraph of the syllabus, it is said:

"For the purpose of defeating liability, a party will not be heard to say he never made a contract, and, inconsistent with such assertion, retain the benefits flowing from the alleged transaction."

Here again is a question of fact, and if the payments were made as alleged, they constitute a defense.

Cause reversed for a new trial in accordance with this opinion.