246 So.2d 617 (1971)
Voyle C. JOHNSON, James H. Price, Individually and As Last Director and Trustee of James H. Price & Co., Inc., a Dissolved Corp., and Airlift International, Inc., a Florida Corporation, Appellants,
v.
William T. KRUGLAK, II, Appellee.
Voyle C. JOHNSON, James H. Price, Individually and As Last Director and Trustee of James H. Price & Co., Inc., a Dissolved Corp., and Airlift International, Inc., a Florida Corporation, Appellants,
v.
Robert L. ACHOR, Appellee.
Voyle C. JOHNSON, James H. Price, Individually and As Last Director and Trustee of James H. Price & Co., Inc., a Dissolved Corp., and Airlift International, Inc., a Florida Corporation, Appellants,
v.
Arthur E. FOX, Appellee.
Nos. 70-91 to 70-101.
District Court of Appeal of Florida, Third District.
March 23, 1971.
Rehearing Denied April 30, 1971.
*618 Bolles, Goodwin, Ryskamp & Ware, Hansford D. Tyler, Jr., Miami, for Johnson.
Horton & Schwartz, Miami, for Price.
Sibley, Giblin, Levenson & Ward, Maimi Beach, for Airlift.
Sam Daniels, Miami, for Kruglak.
Richard H.W. Maloy, Coral Gables, for Fox.
Robert L. Achor, Miami, for Achor, receiver.
Before PEARSON, C.J., and HENDRY and SWANN, JJ.
PER CURIAM.
These consolidated appeals have as their common subject matter the fees and costs assessed by the trial court after the entry of a declaratory judgment. The fees and costs were awarded to: (1) a receiver appointed pursuant to the petition of the Florida securities commission under authority of F.S. § 517.19(7), F.S.A.; (2) the accountant for the receiver, and (3) the attorney for the receiver. In each instance the appeal presents the question of the reasonableness of the awarded fees. In addition, there are assignments of error directed to an interlocutory order by which the trial court apportioned the payment of the fees among the parties so that appellant, James H. Price, individually, and last director and trustee of James H. Price and Co., Inc. a dissolved Florida corporation is required to pay sixty per cent; appellant, Voyle C. Johnson, is required to pay twenty per cent and appellant, Airlift International, Inc., a Florida corporation, is required to pay twenty per cent. Each of the fees awarded and the question of the apportionment of the fees will be discussed in separate sections following. The extensive history of this litigation is revealed by the prior appeals in the cause. Price v. Airlift International, Inc., Fla.App. 1966, 181 So.2d 549; Airlift International, Inc., v. Carr, Fla.App. 1966, 187 So.2d 908; Price *619 v. Airlift International, Inc., Fla.App. 1967, 201 So.2d 264; Price v. Airlift International, Inc., Fla.App. 1967, 203 So.2d 374; Price v. Airlift International, Inc., Fla.App. 1968, 210 So.2d 765; Hewitt v. Price, Fla. App. 1969, 222 So.2d 247; Price v. Rome, Fla.App. 1969, 222 So.2d 252; Baya v. Price, Fla.App. 1969, 222 So.2d 253.
The litigation was begun by a complaint for declaratory relief in which the plaintiff, Airlift International, Inc., sought the aid of the circuit court in order to determine the rightful owners of over 1,700,000 shares of its stock. James H. Price, James H. Price and Co., Inc., Voyle C. Johnson and over sixty others claiming ownership of some part of the stock were named as defendants in the complaint. The Florida securities commission entered the litigation and requested the appointment of a receiver pursuant to F.S. § 517.19(7), F.S.A.[1] A receiver was appointed as well as an attorney and an accountant for the receiver, all acting as officers of the court to conduct the receivership for the purposes set forth in the statute and to aid the court in the just determination of the declaratory judgment as to the rightful ownership of the stock.
After an extended trial, the court entered a final judgment. This judgment was appealed under separate appeals by many of the parties. The judgment was in the main affirmed. Thereafter, the trial court proceeded to set the fees for the court-appointed officers. A hearing was held, evidence was received and an opportunity was afforded counsel for all parties to cross examine the various witnesses. At the conclusion of the hearing, the fees hereinafter discussed were awarded. The court required the payment of the fees in accordance with a previously entered interlocutory order which apportioned fees as set out above.

RECEIVERS' FEE
Appellants say that the receiver is not entitled to compensation for work done and costs incurred which did not benefit the receivership estate and the trial court abused its judicial discretion in awarding a grossly excessive fee to this receiver.
We observe that receiver was made a party in the suit below and the trial court found that the appellants Voyle C. Johnson and James H. Price created this litigation and the need for the services of the receiver.
A review of the record on appeal reveals substantial, competent evidence to support a finding that the work of this receiver and the costs incurred by him benefitted the receivership estate. We will not detail the work done, services performed, and costs incurred by the receiver for the period between June 21, 1967 and October 27, 1969. It is clear that he performed services far more extensive than those of a "custodial receiver."
We have reviewed the fee awarded and do not find that the trial judge abused his judicial discretion or that the fee for the receiver was grossly excessive. See Lewis v. Gramil Corp., Fla. 1957, 94 So.2d 174; and Deauville Corporation v. Blount, 160 Fla. 286, 34 So.2d 537 (1948).

ACCOUNTANT'S FEE
One of appellants' points raises the question of the amount allowed to the accountant for the receiver. The brief states that the Supreme Court has set the criteria for evaluating such fees in Lewis v. Gramil Corp., supra. It is not pointed out where the trial court departed from that holding of the Supreme Court.
The services of the accountant were essential to a determination of this cause. The services covered many months and *620 several full reports to the court. The fees allowed were upon separate applications on Dec. 29, 1967, April 12, 1968, and Dec. 23, 1969. In each instance the application for a fee was documented with full statements as to time expended and the time is separated as to the accountant's time and that of his office help. The applications were supported by certificates of recognized professional accountants in the community as to the reasonableness of the charges made. There is no evidence to dispute the certificates and the testimony of the accountant. The total amount awarded was less than that requested and reflected the desire of the trial judge to follow the admonition of the Supreme Court in Lewis v. Gramil Corp., supra, to be "just but * * * moderate rather than generous." Under these circumstances we have no alternative to an affirmance upon appellant's point directed to the accountant's fee.

ATTORNEY'S FEE
Appellants contend that the trial judge abused his judicial discretion in that the award was grossly excessive and was for certain services not properly chargeable to the appellants.
The general rule is that in the absence of contract or statute fixing the amount of compensation, the lawyer is entitled to recover the reasonable value of his services.
This court has detailed the factors to be considered, and has held that not only must each factor be considered by the trial court, but the determination must be supported by substantial, competent evidence. Novack v. Novack, Fla.App. 1966, 189 So.2d 513 and Adler v. Schekter, Fla.App. 1967, 197 So.2d 46, same fee affirmed after remand, Fla.App. 1968, 207 So.2d 78.
The trial judge made a series of detailed findings of fact underlying his consideration of the factors in the cases cited above. The findings of the trial court are clothed with a presumption of correctness.
These findings were to the effect that the receiver's attorney performed all the services here in litigation involving ownership of 1.7 million shares of stock worth more than Fifteen Million Dollars; that he was able to realize for the "estate of the receiver" an additional $2,120,000.00 worth of shares of stock which might not have otherwise been secured, and that he also performed pretrial, trial, post-trial and tax services, all of which benefitted the receivership estate. Time records were submitted for 1,304 hours for his services rendered during twenty-six months. The trial judge made an award of $109,500.00. The award was well within the limits of the expert testimony adduced.
We recognize the duty of the trial court to reasonably exercise its discretion in setting attorneys' fees. We also realize that while these fees are large, we cannot say that they are so unreasonable as to constitute reversible error or an abuse of judicial discretion. In the final analysis, the question of fees can only be resolved with reference to a particular case.
After consideration of the record, specific findings of fact, briefs and arguments of counsel, we have concluded that appellants have failed to demonstrate reversible error in the entry of the amount of attorney's fees awarded to the receiver's attorney, William T. Kruglak, II.

APPORTIONMENT
The trial judge apportioned the fees for the receiver and attorney and the courts' costs so that Price was required to pay 60%; Johnson 20%; and Airlift 20%. In a prior appeal Price challenged the assessment of 60% of the costs and fees against him as erroneous and Johnson cross assigned the apportionment of 20% of the costs and fees against him as error. Johnson abandoned his cross assignment of error during the course of the prior appeal and this court affirmed the decision of the trial court which apportioned the costs and *621 fees in the prior appeal. See Price v. Johnson, Fla.App. 1969, 227 So.2d 898.
We will not, therefore, consider the question of the apportionment of the fees and costs in this appeal. See Srybnik v. Ice Tower, Inc., Fla.App. 1966, 183 So.2d 224.
Affirmed.
NOTES
[1] "* * * the court shall have the power and jurisdiction, upon application of the department, to impound and to appoint a receiver for the property, assets and business of the defendant * * *."