VANN, HAROLD R. (Ret.), Associate Judge.
This case has a long history and arises out of a final judgment entered in November of 1971, which concerned certain commercial transactions and primarily the default in the payment of a mortgage by the defendant Horowitz, an appellee herein. Following an appeal of the final judgment to this court (274 So.2d 591), the Supreme Court of Florida granted certiorari and reversed the final judgment (292 So.2d 585, 587), resulting an amended judgment of November 14, 1974. Some four years later, on December 14,1978, the trial court entered an order on post-judgment motions, striking paragraph 17 of the prior order and substituting therefor an amended paragraph 17, finding certain monies due and owing to the plaintiffs, the appellants herein; acknowledging a substituted receiver for the assets collectively pledged by the defendants; and providing a date for the sale of the assets, *378 unless the defendants paid in full. Amended paragraph 17(b) taxed the receiver’s fees and costs and the receiver’s attorney’s fees (previously adjudicated in .December of 1971) against the defendants. Because the defendants did not pay the amounts due by the specified date, the sale of the assets took place, and the receiver’s report was filed with the trial court shortly thereafter. Then, on April 2, 1979, the trial court entered the order here appealed, in which the receiver and the receiver’s attorney were awarded additional fees; these fees were to be paid by the plaintiffs. This appeal followed, urging that the trial court erred in ordering the plaintiffs to pay these fees. We agree and reverse.
In its order on post-judgment motions rendered on December 14, 1978, the trial court taxed the receiver’s fees and costs and the receiver’s attorney’s fees against the defendants. It would appear that the defendants suggest on this appeal that the trial court, in that order, might properly have taxed such costs against the plaintiffs or have assessed them against the fund or property in receivership. While the trial court could have done these things,[1] the simple fact remains that it did not. Rather, it taxed the receiver’s costs and fees and the receiver’s attorney’s fees against the defendants. No appeal has been taken from the order entered on the post-judgment motions and any speculation on the correctness of that order should not be indulged in at this juncture.
An examination of amended paragraph 17(h) suggests that the court might well have sought to assess the costs of the receivership against certain property in receivership, to-wit:
“Pending the sale and the confirmation of sale, the Receiver shall continue to hold that certain mortgage and note dated 2/17/71, from Nassau Oaklands Limited to W & G Holdings Limited, as security for the payment of the costs and attorneys’ fees of the Receivership. Upon the confirmation of sale and the payment of costs and attorneys’ fees, the Receiver shall cause the assignment of said mortgage to the Plaintiffs’ nominee.”
The fact remains, however, that the note and mortgage referred to above have since been assigned to the plaintiffs. Thus, while the court might well have been able, originally, to tax costs against the plaintiffs, it cannot do so now, having already taxed them against the defendants.[2]
Reversed and remanded.

. Deauville Corporation v. Blount, 160 Fla. 286, 34 So.2d 537 (1948).

. Assuming that the court ordered sale of the property in receivership was for “less than the property should reasonably be expected to sell for” an appeal could arguably have been taken from the receiver’s report of sale. See 27 Fla. Jur.Receivers § 47. No such appeal, however, was timely taken. Thus, it is submitted that no equitable considerations would mandate the taxing of costs against appellant after the appellate period expired.