FERGUSON, Judge.
The courts are generally vested with considerable discretion in determining who shall pay the cost and expenses of receiverships. Deauville Corporation v. Blount, 160 Fla. 286, 34 So.2d 537 (1948). But, where the court had previously determined that defendant’s reprehensible conduct created the necessity for the appointment of receiver, a finding clearly supported by the record, it constituted an abuse of that discretion to tax the receiver’s expenses against the plaintiff. Jackson v. H.M. Wade Mfg. Co., 105 Fla. 560, 142 So. 228 (1932) (expenses and allowance to receiver as fees constitute part of “costs” to be paid by losing party); Neider v. Dardi, 152 Cal.App.2d 156, 313 P.2d 72 (1957) (where, in accounting action, court was justified in finding defendant guilty of reprehensible conduct, assessment against defendant of all costs of receivership was proper); Archer v. Ross, 262 S.W.2d 213 (Tex.Civ.App.— Fort Worth 1953) (defendant required to pay all receivership costs where his conduct necessitated receivership).
Further, it was error to condition the maintenance of the action on payment of the receiver’s fees by the plaintiff. Receivership fees, being a part of costs, follow the result of the suit, Jackson v. H.M. Wade Mfg. Co., and where the fees are disputed, and there are no assets in the receivership from- which to make payments, such costs, if recoverable at all, must be recovered in a separate action for that purpose. Walton v. Williams, 5 Okl. 642, 49 P. 1022 (1897). See also attorney’s fees cases, e.g., Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik v. Baucom, 428 So.2d 1383 (Fla.1983) and cases cited therein.
Reversed and remanded for further proceedings.