THE CITY OF ATCHISON v. MARY MAYHOOD.

No. 13,744. (77 Pac. 549.)

SYLLABUS BY THE COURT.

CITIES AND CITY OFFICERS — *Liability for Defective Walk.* Where, for a term of years, there has been a general use by foot-passengers of the part of a public street lying outside the improved roadway the city may be deemed to have recognized such use and assumed responsibility for its being made safe, although no artificial sidewalk has been constructed.

Error from Atchison district court; B. F. HUDSON, judge. Opinion filed July 7, 1904. Affirmed.

*A. F. Martin*, city attorney, for plaintiff in error; *James W. Orr*, of counsel.

*C. S. Hull*, for defendant in error.

The opinion of the court was delivered by

MASON, J. : This is a proceeding to review a judgment against the city of Atchison for damages alleged to have been occasioned by the neglect of the city to

Atchison v. Mayhood.

keep a street in proper condition for the use of foot-passengers. The plaintiff had verdict and judgment for $750, and the city prosecutes error.

The essential facts, as disclosed by the petition and evidence, were substantially as follows : At the place of the alleged defect the sidewalk area had not been paved or improved, but for some years there had been in general use a path running the length of the block and connecting at one end with a sidewalk running at right angles to it and at the other with a plank walk built by the city, extending across a street. A roadway forty feet wide had been made at a level several feet below the natural grade where the path was situated. Plaintiff had occasion to use the street at night and on foot. There was no sidewalk on the opposite side of the street, the roadway by reason of recent rains was muddy, the soil being clayey and much worked up by vehicles ; so she followed the path described. She stepped upon a root which extended across the path several inches above the surface of the ground, her ankle turned, and she fell to the ground, breaking her leg and receiving other injuries. The condition of the street complained of had existed for years and the city council had actual notice of it.

The city contends that the petition did not state a cause of action and that its demurrer to the plaintiff's evidence should have been sustained, and in support of this contention quotes the first paragraph of the syllabus of *City of Wellington v. Gregson,* 31 Kan. 99, 1 Pac. 253, 47 Am. Rep. 482 :

"While, generally speaking, it is the duty of a city to keep its streets in reasonably safe condition for public travel, it is not thereby implied that every street and the whole width of every street must be placed and kept in good condition. The city may, without

43—69 KAN.

incurring liability, leave certain streets entirely unopened, and in others put only a portion of the width in condition for use."

That the doctrine thus stated cannot be held to cut plaintiff off from all chance of recovery and to exempt defendant from liability, as a matter of law, sufficiently appears from a consideration of the next paragraph of the same syllabus :

"Whether in any given case a city can be charged with negligence in failing to improve and render safe for use the entire width of the street, and also whether, when it has put a portion in good condition, it can be charged with negligence on account of posts, stakes, or other obstructions outside of the traveled track, are ordinarily questions of fact for the determination of a jury."

The position of plaintiff in error could be sustained only by holding that a city could never be liable for injuries received by reason of the condition of the sidewalk area in a public street unless it had undertaken to build and maintain thereon an artificial walk, or otherwise by affirmative action to fit it for use as a footway. Such a view conflicts alike with reason and authority. It is justly held that where, for a term of years, there has been a general use by pedestrians of the part of a public street lying outside the improved portion, the city may be deemed to have recognized such use and assumed the responsibility for its being made safe, although no artificial sidewalk has been constructed.

"In cities, where it is customary for travelers on foot to use for that purpose a portion of the public streets on one or both sides of the track which is used for carriages and teams, as a footway or sidewalk, the use of such footway or sidewalk by the people traveling along a public street in any such city, for a series of years, constitutes such footway or sidewalk

a part of the traveled part of such street, and imposes upon the city the duty of keeping such footway or sidewalk in repair ; and if the same becomes so defective as to render travel over the same unsafe, and the city takes no measures to warn the public against· the use of such footway, the city becomes liable to any traveler who may suffer an injury from such defective footway without his fault.''   (*James v. The City of Portage*, 48 Wis. 677, 682, 5 N. W. 31.)

''If between the sidewalk of a street in a city and' that portion of the street wrought for a carriageway· there is a grassed space, over which a footpath has· been worn by use by persons having occasion to enter another street abutting on this street, but not crossing it, or to come in the opposite direction, the city is liable to a person injured by a defect in such path, if the path was known to and recognized by the city as· a part of the wrought line of travel, in the absence of any path or other provision made by the city for· crossing the street at or near the locality in question, or of any barrier or other warning to indicate that the path as actually used was unsafe or unsuitable.'' (*Ashton v. Newton*, 134 Mass. 507, 45 Am. Rep. 347, syllabus.)

( See, also, *City of Madisonville v. Pemberton's Adm'r,*. 75 S. W. [Ky.] 229.)

Complaint is made that several instructions asked by defendant were not given.   One of them included this charge :

''If you find from the evidence in this case that the city did open for public travel only a part of' the width of said street, leaving the other portions of' said width in its original condition, then it was only bound to keep in safe condition for travel that portion so opened for public travel.''

The others involved the same proposition, and all of them ignored the possible effect to be given, to the fact of the public use of the path.   They were based

upon the theory already held to be erroneous and were properly refused.

Criticism is made of the instructions given, especially of one which, it is claimed, authorized the jury to base conclusions upon a comparison of the conditions present where the accident occurred with those existing elsewhere. We do not think the instruction fairly open to the construction sought to be given it. Considered as a whole, the charge sufficiently advised the jury what view of the evidence would justify a verdict for plaintiff, and, reasonably interpreted, it was free from error.

The judgment is affirmed.

All the Justices concurring.