## OKLAHOMA CITY v. BANKS.

No. 25400.   Jan. 28, 1936.

Harlan T. Deupree, for plaintiff in error.

Gill & Caldwell, for defendant in error.

PER CURIAM. This action was commenced by the defendant in error, Wilma Banks, against the city of Oklahoma City, a municipal corporation, plaintiff in error, by filing her petition in the district court of Oklahoma county, Okla., on the 7th day of April, 1932, and was thereafter transferred to the common pleas court of Oklahoma county, Okla., on the 20th day of April, 1933, and was there tried on October 7, 1933. The parties will be referred to hereafter as plaintiff and defendant, as they appeared in the lower court.

The plaintiff alleges in her petition that the defendant, the city of Oklahoma City, a municipal corporation, owed her a duty to keep its sidewalks in a reasonably safe condition for travel for herself and other pedestrians, but that on November 1, 1931, and a long period of time prior thereto, the sidewalk along the east side of South Hudson avenue, immediately north of the intersection of said Hudson avenue and California avenue in said city, was neglected and out of repair, and in a dangerous condition for travel; that the surface was uneven, caused by the removal of a large number of bricks, while other bricks had been allowed to become and remain loose, causing deep and dangerous holes in said sidewalk; that the sidewalk was constructed with bricks laid edge to edge, flat upon the ground, without mortar or other concrete substance holding them together; that the defendant city knew, or should have known, of the condition at said point, and was guilty of negligence in permitting such condition to exist, which negligence proximately caused the injury to plaintiff as hereinafter alleged; that on or about the 1st day of November, 1931, in the daytime, while she was walking on said sidewalk, and not being aware of the sidewalk's condition, and without fault on her part, she was tripped by a loose brick and thrown with great force and violence upon and against said sidewalk, breaking and dislocating the bones of her right hand, wrist and forearm; that there was a spraining and tearing of the muscles, ligaments and tendons of her right arm, causing her great mental and physical pain and suffering; that her hospital, doctor, and medical bills were in the amount of $50, and that by reason of her injuries she is entitled to $2,000 in damages.

To this petition the defendant filed a motion to make more definite and certain, as follows:

"1. To set out in said petition the exact location of the place where the plaintiff is alleged to have fallen, and in this connection says that while the plaintiff states that the walk is on the east side of South Hudson avenue, immediately north of the intersection, yet does not state upon what portion or part of the walk the accident happened, either as to the location north and south or the part of the sidewalk east and west.

"This defendant says that without this information it cannot properly plead to the plaintiff's petition."

The motion was overruled, exceptions taken, and the ruling constitutes one of the assignments of error hereinafter discussed.

Thereafter the defendant answered, admitting the incorporation of the municipality, but denying that the plaintiff was injured as set out in her petition, or that she suffered the injury complained of as a result of any fall on a sidewalk of Oklahoma City, and further denying that the city was in any way negligent in maintaining its sidewalks, but that if the plaintiff fell or sustained any injuries, the same were due, or contributed to by, her own negligence, in that she was familiar with the sidewalk at the location alleged, and that the same was well lighted, and that she did not exercise due diligence, or care, or caution as to where she was walking or stepping, and that the want of such care and diligence on her part was the proximate cause of her injury, if she sustained any, and asking that the plaintiff take nothing by reason of the allegations contained in her petition, and that the defendant have judgment for costs.

The cause was submitted to a jury, resulting in a verdict and judgment in favor of the plaintiff in the sum of $1,000, and defendant has appealed.

The view we take of this case necessitates the discussion of only two points: First, Did the court err in overruling the first ground of the defendant's motion to make the petition more definite and certain? and second, should the demurrer to the evidence have been sustained?

With reference to the first point, an examination of the petition discloses the court did not abuse his discretionary power in so doing. The word "immediately" used in the petition does not refer to the defect in the sidewalk as being immediately north of the intersection, but refers to the sidewalk in which the defect was located as being immediately north of the intersection.

The second point with reference to whether or not a demurrer to the evidence should have been sustained presents the important

and controlling question to be determined by this court.

The plaintiff, Wilma Banks, testified that she lived in a section of Oklahoma City that necessitated her using the sidewalk in question in going to and returning from the business district, and that she had traveled and walked on the sidewalk on numerous occasions; that on or about the 1st day of November, 1931, at 9 o'clock in the morning on a bright sunshiny day, she was walking towards the business district when she stepped on a loose brick that caused her to fall. A description by the plaintiff of the defect complained of is contained in the evidence and is as follows:

"Q. What happened, if anything, after you had crossed California and proceeded in a northerly direction? A. There was a bad place there in the sidewalk, a lot of loose brick; a brick turned with my right foot and I fell. I was going to catch with this hand; I fell on it and broke it. Q. Did you step on this loose brick? A. Yes, sir. Q. Was it a whole brick or a piece of a brick? A. Well, it was about half of a brick. Q. Was it a full thickness of a brick or a brick held down and worn down, if you know? A. I believe it was just about half of a brick."

A photograph of the defective point in the sidewalk was introduced in evidence without objection. An examination of this photograph discloses a very common sidewalk condition prevailing in most of the cities in the state.

The facts in this case do not warrant a recovery on the part of the plaintiff and against the defendant. A line of very recent decisions by this court determines this question conclusively.

In the recent case of the City of Bristow v. Pinkley, 158 Okla. 104, 12 P. (2d) 229, the court said:

"The law as to the liability of the town or city is settled in this state, to the effect that a city or town is bound to use ordinary care to keep the streets in a reasonably safe condition for public use in the ordinary mode of travel. The law of liability is based on negligence of the city in failing to keep the streets in such condition after notice of defect and opportunity to correct the defective condition."

In the case of the City of Tulsa v. Frye, 165 Okla. 302, 25 P. (2d) 1080, this court quoted from the case of City of Bristow v. Pinkley, supra, as follows:

"'If one will observe Oklahoma City's streets of any considerable age, he will find, on almost every hand, depressions of an inch to an inch and a half deep that will show up with standing water after most any rain. Even the sidewalks are full of them, and it is practically impossible to keep the sidewalks, streets, and gutters at a grade that is uniform.'"

In the case of the City of Tulsa v. Frye, supra, the court held:

"We are therefore of the opinion, and hold, that when the defect complained of is described with sufficient certainty in the petition, and is established with sufficient certainty in the evidence and shows the defect to be one of such a minor character that ordinary men could not differ as to whether or not it was dangerous or was likely to cause injury to a pedestrian, it becomes a matter for the court to determine, either upon demurrer to the petition or upon appropriate motion during the trial, and is not to be submitted to the jury for determination. * * *

"We further hold that where the evidence shows, as it does in this case, that the person injured was in the same or a better position to see and observe the defect complained of as was the city and does not see and observe the particular defect complained of, the city is not charged with any greater degree of notice or knowledge than the person complaining."

In the case of Smith v. City of Tulsa, decided by this court April 9, 1935, and reported in 172 Okla. 515, 45 P. (2d) 689, this court held:

"3. Where a municipal corporation has the duty of keeping its sidewalks in repair and an accident happens by reason of some slight defect from which damage was not reasonably to be anticipated, the said city is not chargeable with negligence.

"4. When a defect in a sidewalk is so slight that no careful or prudent person would reasonably anticipate any danger from its existence, but still an accident happens which could have been guarded against by the exercise of ordinary care and foresight, the question of defendant's responsibility is one of law. * * *"

And from the body of the opinion:

"'The law as to the liability of the town or city is settled in this state, to the effect that a city or town is bound to use ordinary care to keep the streets in a reasonably safe condition for public use in the ordinary mode of travel. The law of liability is based on negligence of the city in failing to keep the streets in such condition after notice of defect and opportunity to correct the defective condition.' (City of Bristow v. Pinkley, 158 Okla. 104, 12 P. (2d) 229.)

"The fact that there was a hole eight inches wide and one inch or one and one-half

inches deep, where water had collected, was not such a hole as to be characterized as a 'danger hole,' and that in the streets of cities in Oklahoma there are many depressions of an inch or one and one-half inches deep where water stands after a rain; even the sidewalks are full of them, and it is practically impossible to keep the sidewalks in a grade that is uniform, and this court held in that case that under such circumstances there was no actionable negligence on the part of the city, and that:

" 'If what was established in this case does show such actionable negligence, a city could not very well exist with the travel of modern conditions.' "

Again, this court held in the case of City of Ada v. Burrow, decided March 5, 1935, reported in 171 Okla. 142, 42 P. (2d) 111, that:

"3. A municipality will not be liable for every defect or obstruction, however slight or trivial, or little likely to cause injury, or for every mere inequality or irregularity in the surface of the way; it is only against danger which can or ought to be anticipated, in the exercise of reasonable care and prudence, that the municipality is bound to guard. * * *

"6. Where the evidence is insufficient, or is clear and undisputed, or is such that but one inference can be drawn therefrom, the question of negligence in respect of a particular alleged defect in the construction and maintenance of a public way by a municipal corporation is a question for the court."

In the case of City of Tulsa v. Harman, 148 Okla. 117, 299 P. 462, 471, this court held that the city was not liable where there was no primary negligence of this defendant shown by the plaintiff and the court should have sustained a demurrer to the sufficiency of the evidence of the plaintiff.

To the same effect are the cases of Beltz v. City of Yonkers (N. Y.) 42 N. E. 401; But'er v. Village of Oxford (N. Y.) 79 N. E. 712; Newton v. City of Worcester (Mass.) 54 N. E. 521; Schall v. City of New York, 84 N. Y. S. 737; Getzoff v. City of New York, 64 N. Y. S. 636; McCoy v. City of Utica, 128 N. Y. S. 60; Powers v. City of New York, 106 N. Y. S. 166; Burroughs v. City of Milwaukee (Wis.) 86 N. W. 159; and Jones v. City of Detroit (Mich.) 137 N. W. 513.

In the case at bar the plaintiff has entirely failed to show any primary act of negligence on the part of the city of Oklahoma City in maintaining this sidewalk. We cannot help but be of the opinion, and so hold under the authorities, that the condition of the sidewalk as shown by the record and the photograph was not inherently dangerous to ordinary travel and traffic thereon, and there was no question properly to be presented to a jury, and the court erred in failing to sustain a demurrer to the evidence or instruct a verdict for the defendant.

The cause is therefore reversed and remanded to the common pleas court of Oklahoma City, Okla., with instructions to sustain the demurrer of the defendant to the sufficiency of plaintiff's evidence and render judgment in favor of the defendant for its costs.

The Supreme Court acknowledges the aid of Attorneys E. E. Hanson, John V. Beveridge, and Everett Petry in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Hanson and approved by Mr. Beveridge and Mr. Petry, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.