### CITY OF ADA v. CRISWELL.

No. 28715.   Oct. 10, 1939.

518

Mac M. Braly, of Ada, for plaintiff in error.

Thomas P. Holt, of Ada, for defendant in error.

DANNER, J. The plaintiff in error, defendant in the trial court, appeals from a judgment for $750 based on a jury verdict in favor of the plaintiff in her action to recover damages for injuries received by reason of alleged negligence of the defendant to maintain a sidewalk in a reasonably safe condition for use by pedestrians.

Briefly, the facts harmonizing with the allegations in the petition are as follows: The defendant maintained a concrete sidewalk about five feet in width along Fourteenth street in the city of Ada. At a certain point in the sidewalk where a drain or gutter existed wooden planks four or five inches wide laid lengthwise with the sidewalk were used instead of concrete, the ends of the planks resting upon aprons or shoulders in the concrete portions of the sidewalk. Some planks were shorter than others, and, being unfastened and unsecured, would work loose from the aprons and slip out of position. That on a number of occasions prior to the accident loosened boards were replaced by users of the sidewalk; that on the evening of August 4, 1936, while the plaintiff, a woman 65 years of age, was proceeding along the sidewalk and while crossing the plank bridge, the loosened boards turned and gave way, causing her to fall and her left leg to be thrust down through the bridge, resulting in her left ankle becoming entangled in the fallen planks; and, as alleged in the petition:

"* * * scarring and injuring the bone therein, and tearing the muscles and tendons loose from the bone, and causing plaintiff to sustain injuries to her legs, back, arms and ankle and causing her to suffer intense pain and agony, which laid her up in bed for 4 weeks, and has incapacitated her from doing her usual work. * * *"

The testimony of Dr. Dean, plaintiff's attending physician, substantially supports the allegations of the petition and the plaintiff's testimony regarding the extent of the injuries sustained.

For reversal plaintiff argues principally that the proof is insufficient to sustain the judgment, and that the court erred in instructing the jury on contributory negligence. Instructions numbered 3 and 5 given by the court are as follows:

"3. You are instructed that by the term 'contributory negligence,' as used in these instructions, is meant the omission to do some act which a person of ordinary prudence and care would be expected to do under the same or similar circumstances in order to avoid injury to himself."

"(5) The term 'contributory negligence,' as used in these instructions, is negligence on the part of the injured party, which, combining and concurring with the negligence of the defendant proximately caused the injury. Contributory negligence is a complete defense and bars recovery wherever it exists, and if you believe from the evidence in this case that there was any contributory negligence which helped to bring about the injury, then you cannot find for the plaintiff, although you believe that the defendant also was guilty of negligence."

In support of its contention on this point the defendant cites Sloan v. Anderson, 160 Okla. 180, 18 P.2d 274, in which case this court gave a definition of contributory negligence. On examining the cited case, and other cases, we do not understand that this court has established any fixed definition of contributory negligence. In Wright, Receiver, v. Clark, 177 Okla. 628, 61 P.2d 192, we held in the syllabus as follows:

"When an instruction tells the jury that the plaintiff cannot recover if the jury should find that plaintiff was guilty of negligence which, 'directly and proximately caused the injuries complained of,' and omits the words, 'or proximately contributed to his injuries,' said omission does not require a reversal where by another paragraph of the same instruction the law of contributory negligence is correctly stated, and where from the instructions as a whole the jury could not have been misled."

See, also, Western States Grocery Co. et al. v. Gillan, 183 Okla. 558, 83 P.2d 810; White v. Little, 131 Okla. 132, 268 P. 221. While the instructions as given by the court are not as definite as they might have been, we are of the opinion that they are substantially free from meritorious criticism and resulted in no substantial injury to the defendant.

In arguing nonliability the defendant relies generally on decisions of this court in Lewis v. City of Tulsa, 179 Okla. 176, 64 P.2d 675; Oklahoma City v. Cantrell, 181 Okla. 56, 72 P.2d 381, and cases cited herein. The rule adopted in the cases last referred to is founded upon the theory that the adoption of plans for public improvements is a governmental function, and that generally municipalities are not liable for errors in judgment in the plan adopted unless the adopted plan is so palpably and manifestly unsafe that no prudent person would approve its continued existence. The exception to the rule is emphasized in the opinion of Lewis v. City of Tulsa, supra, in the following language:

"The situation herein involved and the rules of law applicable herein must not be confused with situations in which a proper plan is adopted and there is negligence in the manner in which ministerial officers carry out the plan. In other words, the construction of improvements is a ministerial act, and in that respect it differs from the adoption of a plan pursuant to which the construction work is carried forward. See 13 R. C. L. pp. 95, 96, supra. Thus defects created by errors in construction do not fall within the rule of judicial or legislative immunity herein discussed. Neither should this case be confused with the general rules governing the liability of municipalities for failure to maintain or keep their streets and sidewalks in a proper state of repair. The rule of judicial or legislative immunity does not apply to that class of cases."

We are not convinced that the rule contended for by the defendant applies to the facts in the present case. We are unable to concede that the adopted plan of constructing the sidewalk here, whereby wooden planks laid lengthwise over the slough unfastened and unsecured to other portions of the walk and maintained in this condition, with knowledge on the part of the city for four or five years, presents a situation whereby the municipality is absolved from liability. We think, rather, that the facts here bring the case well within the rule, often adhered to by this court, that whether the municipality is liable for injuries for alleged failure to maintain its streets and sidewalks in a reasonably safe condition for public travel is a question of fact for consideration of the jury. City of Enid v. Smith, 167 Okla. 381, 29 P.2d 765; Oklahoma City v. Hayden, 169 Okla. 502, 37 P.2d 642; Ponca City v. Swayne, 174 Okla. 576, 50 P.2d 1082; City of Sapulpa v. Williams, 121 Okla. 176, 249 P. 152.

The defendant argues the insufficiency of the notice to the city of the condition of the sidewalk prior to the injury, citing Town of Norman v. Teel, 12 Okla. 69, 69 P. 791, and City of Woodward v. Bowder, 46 Okla. 505, 149 P. 138. A careful reading of the cited cases does not sustain the defendant's contention on the point raised.

In the Norman Case, in sustaining a judgment, the court in the syllabus held:

"The sufficiency of notice to fasten liability upon a city for a defective sidewalk is a question of fact to be determined by a jury under all the circumstances surrounding the particular case. It is not essential that the corporation shall have actual notice. If the defective condition of the street or sidewalk has existed for such a period of time that by the exercise of ordinary care and diligence the city authorities could have repaired the defect and placed the street or sidewalk in a reasonably safe condition, and it fails to do so, then it is liable for any injuries that may be occasioned thereby by reason of such negligence, provided the injured party was in the exercise of ordinary care."

In Woodward v. Bowder the judgment was reversed on the ground that the trial court erred in its instruction on the question of burden of proof. Upon the question of notice, however, the court held in the syllabus:

"The existence of the fact of actual notice, or of facts constructively equivalent as matter of law to actual notice, as well as the reasonable sufficiency of the measures taken to prevent injury from an unsafe condition of a sidewalk, are ordinarily questions for the jury to determine."

In the present case there is some evidence of actual notice to the defendant of the defective sidewalk. Additionally, the evidence shows that in the construction of the sidewalk and in its maintenance over a period of several years the board walk was not fastened or secured to the concrete portions of the walkway. Here, the facts are not inconsistent with those presented in City of Sapulpa v. Williams, supra, wherein in the opinion it is said:

"Ordinarily a municipality is not liable for injury caused by a defect in a public street, except where it has neglected some duty in that respect after it has had notice of the defect or obstruction, or unless the facts and circumstances are such as to warrant an inference of notice or knowledge of such defect or obstruction, or that the defect or obstruction had existed for such a length of time that by the exercise of reasonable diligence it might have been known and corrected. Armstrong v. City of Tulsa, 102 Okla. 49, 226 P. 560. In this case we have evidence not only tending to show actual notice of the defect, but also evidence of its apparent existence for a considerable length of time. Now the question is presented whether the existence of this ditch was such a condition of the street which the city, in the exercise of that reasonable care that it owed the plaintiff, and the

public generally, should have anticipated would have produced this or other accidents. This was a fact for the jury to determine, and we cannot say, under the circumstances, that the city was free from negligence and that the judgment is not supported by the evidence. Armstrong v. City of Tulsa, supra; Purcell v. City of Chicago, 231 Ill. 164, 83 N. E. 137; Brush v. City of New York, 69 N. Y. Supp. 51."

Finding no prejudicial error in the trial of the cause, the judgment is affirmed.

BAYLESS, C. J., and RILEY, HURST, and DAVISON, JJ., concur.