## CITY OF OKMULGEE v. BRIDGES.

No. 28970.   Oct. 17, 1939.

W. C. Alley, of Okmulgee, for plaintiff in error.

Harry D. Pitchford and C. B. McMahan, both of Okmulgee, for defendant in error.

RILEY, J.   This is an appeal from a judgment against the city of Okmulgee in an action to recover damages for personal injuries.   The parties will be referred to herein as in the trial court.

The basis of plaintiff's claim is that defendant had negligently permitted one of its paved streets to become unsafe in that it had negligently permitted a large hole and depression to be in said street so as to render the same unsafe for the traveling public, and that defendant had actual notice thereof or could have by the exercise of ordinary diligence ascertained the unsafe condition of said street at said place, for the reason that the hole or depression had been there for some months prior to his injury.   That on May 25, 1937, at about 7 o'clock p. m., plaintiff was traveling on said street riding a motorcycle: that he was traveling at a moderate rate of speed, and while so doing, without any fault on his part, his motorcycle fell into the hole and depression, whereby he was thrown from his motorcycle and thereby received the injuries for which recovery of damages was sought.

Defendant answered the petition by general denial, except admissions of corporate existence, and that it laid out the street and opened it for public travel.   It then specifically denied that it was negligent in the premises; denied that the street was in an unsafe and dangerous condition for public use in ordinary modes of travel.   It then pleaded contributory negligence in that plaintiff was driving his motorcycle in a careless, negligent, and reckless manner, and at a high, excessive, and dangerous rate of speed, viz., 40 or 50 miles per hour, and in violation of certain provisions of the ordinances of the city of Okmulgee regulating the speed of vehicles, setting out copies of the sections of the ordinances referred to, showing the maximum rate of speed allowed by the ordinances anywhere in the city to be 25 miles per hour.

Plaintiff's reply was by general denial.

The cause was tried to a jury, resulting in a verdict for plaintiff, and after unsuccessful motion for new trial and judgment on the verdict, defendant appeals.

Fourteen assignments of alleged error are set out in the petition in error, but such as are urged are all presented under a single proposition, viz., that there is no evidence to show primary negligence on the part of defendant in permitting the depression or hole to remain in the pavement of the street, and that the court erred in overruling defendant's demurrer to plaintiff's evidence, and denying its motion for a directed verdict at the close of all the evidence.

Defendant's sole contention is that the hole or depression in the pavement as shown by the evidence was not of sufficient length, width, and depth, and particularly the latter, as to constitute such dangerous defect as to support the judgment against the city.

There is no contention that plaintiff did not receive the injuries in the manner, at the time and place, alleged in the petition. There is likewise no contention that the hole in the pavement causing the accident did not exist or that it had not existed in such condition for such length of time as to bring notice to the defendant city of its existence.   There is likewise no contention that there is evidence to support the charge of contributory negligence.

Plaintiff's evidence was to the effect that the hole in the pavement was from four to

five feet long from east to west and from three to four feet from north to south, and from four to five or six inches deep in the deepest place.

No witness for plaintiff testified from actual measurements, but there is no substantial conflict in the evidence as to the dimensions of the hole measured on the surface of the pavement.

The street runs north and south. Plaintiff was traveling north. The hole was approximately four feet six inches long east and west and two feet six inches wide from north to south, and was located in the west part of the east half of the street.

Defendant's evidence as to depth was shown by actual measurement, taken by one witness June 29, 1937, and taken by another in August, 1937.

The first witness testified that the depth of the hole at the deepest place was three inches. The other witness testified that the depth at the deepest place was 3½ inches. From the deepest place the depth ranged to about 1½ to 2 inches at the edges of the hole.

The first contention is that evidence shown to be based upon actual measurements must prevail over evidence made by mere observation and estimate. This, we think, may be said to be the general rule. Applying the rule, then the depth of the hole will be taken as from 3 to 3½ inches. There is no contention as to the other dimensions.

It is conceded that the evidence shows the street in question to be one carrying considerable traffic.

Defendant contends that this case comes within the rule followed by this court, that as a matter of law, a slight defect or depression in a street, highway, or sidewalk, does not establish actionable negligence on the part of a municipality, though known to exist and an accident happens in the use of the street or sidewalk.

In support of the contention defendant cites City of Bristow v. Pinkley, 158 Okla. 104, 12 P.2d 229; City of Tulsa v. Frye, 165 Okla. 302, 25 P.2d 1080; City of Ada v. Burrow, 171 Okla. 142, 42 P.2d 111; Smith v. Tulsa, 172 Okla. 515, 45' P.2d 689; Oklahoma City v. Burns, 174 Okla. 512, 50 P.2d 1101; Oklahoma City v. Banks, 175 Okla. 569, 53 P.2d 1120; Oklahoma City v. Cantrell, 181 Okla. 56, 72 P.2d 381.

Cases are cited from other jurisdictions to the same effect.

We find no fault with the rule there stated as applied to slight or trivial defects, or mere inequality or irregularity in the surface of the way. But, as we view the cases, it is only where the obstruction, depression, or other defect is so slight or trivial that men of reasonable prudence will agree that no one of them creates a danger or hazard to the traveling public in general that the courts will hold as a matter of law the municipality is not guilty of negligence in the nonmaintenance of the way when an injury is occasioned by such act of omission.

Some of the cases cited from other jurisdictions are from states where contributory negligence is a question of law for the court, and in a number of the cases recovery was denied upon the ground that the injured party was guilty of contributory negligence. We are not cited a case which lays down a rule by which slight or trivial obstructions or defects are to be measured. By what rule is it to be determined whether a particular obstruction or defect is trivial? If the particular defect be so slight or trivial that all reasonable men will agree that it does not, under the circumstances, constitute a danger or menace to the traveling public, the courts will hold as a matter of law that no negligence is shown. But a defect is not necessarily trivial because it is small. 43 C. J. 1010. Each case, however, would depend upon the particular facts and circumstances.

In case of a plain, patent defect or an obstruction clearly and plainly dangerous to such extent that all reasonable men would say, under the existing circumstances, it was a danger or menace to the traveling public, all other elements constituting negligence being shown, doubtless a court would be justified in holding the municipality guilty of negligence as a matter of law. City of Duncan v. Brown, 69 Okla. 246, 172 P. 79. We are not called upon to so hold.

Between the two situations above stated, there must be cases where all reasonable men would not agree on whether the particular obstruction or defect, though all the facts be agreed upon, would under the circumstances constitute a danger or menace to the traveling public. In such case we think the question would be one for the jury to determine under proper instructions. Such is the present case. City of Ardmore v. Fowler, 54 Okla. 77, 153 P. 1117; Ponca City v. Swayne, 174 Okla. 576, 50 P.2d 1082.

In the latter case it is said:

"* * * But where the defect is of such character that careful and prudent men might reasonably differ as to whether an accident could or should have been antici-

pated, then the question of the city's liability is one of fact."

In Hack v. City of Pittsburg (Kan.) 65 P.2d 580, one of the questions before the court was very similar to the question here involved. Therein it is said:

"This court will not undertake to say in inches just how big a hole must be in order to make the city liable. What we have said many times, and now repeat, is that the question is one for the jury to answer, considering all the surrounding facts and circumstances, except where the condition of which complaint is made is so trifling as to clearly not constitute negligence."

It may be noted, however, that a defect in a street or highway, deemed slight in the days when travel was by horse-drawn vehicles, might not be so considered since the advent of automobiles, trucks, motorcycles, etc. A defect such as the one here involved might not be dangerous as to horse-drawn vehicles, but might be highly dangerous to motor vehicles traveling at the higher rate of speed now prevalent.

We are not prepared to say in this case that the defect in the street as described by the witnesses for defendant was so trivial that careful and prudent men would agree that it did not amount to a danger or menace to the traveling public.

The trial court treated the question as one for the jury and presented that question along with others · to the jury under instructions with which we find no fault. The verdict of the jury settles the question adversely to the contention of the defendant. This question being the only one presented in the briefs, we treat the assignments of error going to other questions as abandoned.

Finding no prejudicial error, the judgment is affirmed.

WELCH, V. C. J., and GIBSON, HURST, and DAVISON, JJ., concur.