## CITY OF TULSA v. LEWIS.

No. 30382.   Sept. 23, 1941.

Rehearing Denied Oct. 14, 1941.

*117 P. 2d 784.*

E. M. Gallaher, O. C. Lassiter, John W. McCune, and Thos. I. Munroe, all of Tulsa, for plaintiff in error.

A. E. Montgomery, of Tulsa, for defendant in error.

DAVISON, J.   This action was begun in the district court of Tulsa county by the defendant in error, Etta Lewis, against the plaintiff in error, city of Tulsa, Okla. The cause was tried to a jury and a verdict was rendered in favor of plaintiff in the sum of $591. From a judgment thereon defendant has appealed. The parties will be referred to herein as in the trial court.

It is alleged in the petition and the proof shows substantially the following facts. Plaintiff, who was 62 years of age at the time of the injuries, hereinafter described, sought to recover damages for personal injuries sustained when she stepped off into a hole, stumped her toe, and was thrown to the ground by reason of a defective condition of the sidewalk upon which she was walking, said defective portion of said sidewalk being in front of 728 South St. Louis avenue, Tulsa, Okla. The fall occurred on a dark night at about 11 o'clock and resulted in plaintiff's arm being broken in two places. She had never before walked upon the particular portion of the sidewalk where she was injured and knew nothing about the defective condition of the sidewalk at the point where she fell. The condition of the sidewalk at the time of the injury is portrayed by photographs which were introduced in evidence, and by testimony of various witnesses. These pictures and the evidence reveal a condition in the sidewalk, not of a smooth depression, but a dangerous hole of rough, jagged, and projecting concrete extending the entire width of

the sidewalk. Heavy trucks operating upon the driveway of this particular sidewalk had crushed the concrete to its base, permitting holes or cavities to formulate and rough edges of protruding concrete or cement to remain. The evidence as to the depth of these holes is conflicting, but the testimony of plaintiff's witnesses shows that said holes were approximately three inches deep. The gap was approximately ten inches wide and the break or breaks extended the entire width of the walk. The evidence further discloses that the sidewalk had been in this condition for a year or more, immediately preceding the injury.

The basis of plaintiff's claim is that defendant negligently permitted the above-described sidewalk to remain unsafe for the traveling public, and that the defendant had actual knowle lge thereof or could have, by the exercise of ordinary diligence, ascertained the unsafe condition for the reason that the hole or depression had been there for a number of months prior to her injury.

Defendant answered the petition by general denial, except admission of its corporate existence. It then specifically denied that it was negligent in the premises and pleaded contributory negligence on the part of plaintiff.

Four assignments of alleged error are set out in the petition in error, but are argued under two propositions: First, that plaintiff's evidence is wholly insufficient to sustain the verdict of the jury; and, secondly, that the trial court erred in giving to the jury instructions numbered 8 and 9.

Under its first proposition defendant contends that the hole or depression in the sidewalk as shown by the evidence did not constitute such a defect as to create such a dangerous condition as would support the judgment against the city.

The defendant does not contend that plaintiff did not receive the injuries complained of in the manner, time and place, as alleged in plaintiff's petition. Neither does the defendant contend that the hole in the street causing the accident did not exist or that it had not existed in such condition for such length of time as to bring notice to the defendant city of its existence.

It is contended by the defendant that the proof shows that, as a matter of law, the depression or hole in the sidewalk was not of sufficient magnitude to support a charge of negligence against the defendant, and that the proof is further insufficient, as a matter of law, to establish a lack of care on the part of the city in the supervision and maintenance of its sidewalk, under the theory that the facts in the case disclose that the rule involving slight or trivial defects in a sidewalk should govern the present action.

In support of the above contention defendant cites the cases of Smith v. Tulsa, 172 Okla. 515, 45 P. 2d 689; City of Ada v. Burrow, 171 Okla. 142, 42 P. 2d 111; City of Tulsa v. Wheetley, 187 Okla. 155, 101 P. 2d 834; Lewis v. City of Tulsa, 179 Okla. 176, 64 P. 2d 675; Oklahoma City v. Burns, 174 Okla. 512, 50 P. 2d 1101; City of Tulsa v. Frye, 165 Okla. 302, 25 P. 2d 1080; City of Bristow v. Pinkley, 158 Okla. 104, 12 P. 2d 229; and McQuillin on Municipal Corporations (2d Ed.) vol. 7, § 2974.

We find no fault with the rule of law announced in the above cases as applied to slight or trivial defects. These cases are predicated upon fact situations where the obstruction, depression, or other defect was so slight or trivial that men of reasonable prudence would agree that they did not create a danger or hazard to the traveling public in general. The case of Lewis v. City of Tulsa, supra, involves a condition of a sidewalk and alley created pursuant to adopted plan of construction approved by the city and is not applicable to the fact situation prevalent in the present case.

The question here involved is whether the present defect is of such character that careful and prudent men might reasonably differ as to whether an accident could or should have been anticipated. If we say that such men might

have a difference of opinion, then the question of the city's liability is one of fact. Ponca City v. Swayne, 174 Okla. 576, 50 P. 2d 1082.

A review of the authorities of this and other jurisdictions fails to disclose any definite yardstick by which slight or trivial defects may be measured. Each case rests upon the particular facts involved therein.

We are of the opinion that the defect in the present case is of such character that careful and prudent men might reasonably differ as to whether an accident could or should have been anticipated, and that the question of the city's liability is one of fact. In so holding we follow the principles of law in the following cases from this jurisdiction: City of Tulsa v. Macura, 186 Okla. 674, 100 P. 2d 269; City of Okmulgee v. Bridges, 185 Okla. 537, 94 P. 2d 927; Ponca City v. Swayne, supra; City of Ardmore v. Fowler, 54 Okla. 77, 153 P. 1117.

Upon consideration of the record in the present case, we are of the opinion, and hold, that the trial court committed no error in treating the issue involved herein as being one of fact rather than law. Kaw City v. Wooden, 130 Okla. 162, 265 P. 1057; City of Picher v. Barrett, 120 Okla. 66, 249 P. 739; Duncan v. Brown, 69 Okla. 246, 172 P. 79; Town of Fairfax v. Giraud, 35 Okla. 659, 131 P. 159.

The second proposition relied upon by defendant is the giving of instructions 8 and 9. We have examined these instructions and find that any defect that might have occurred in instruction No. 8 was cured by the giving of instructions 5 and 6. Instruction No. 9 is said to be erroneous because it does not fully instruct on contributory negligence. In answer to this we note that in view of the giving of instruction No. 6 the jury could have been in no manner misled by the giving of instruction No. 9. We hold that the instructions, taken as a whole, fully and fairly covered all of the issues in the case. Jamison v. Oklahoma Power & Water Co., 185 Okla. 103, 90 P. 2d 419; Labenne v. Kaufman,

184 Okla 565, 89 P. 2d 281; Lazzell v. Harvey, 174 Okla. 86, 49 P. 2d 519; St. Louis-San Francisco Ry. Co. v. Stuart, 173 Okla. 221, 47 P. 2d 177. It is also noted that the record reflects that defendant did not object or except to the giving of instructions Nos. 8 and 9, nor were any instructions requested by the defendant upon any issue of the case. It therefore further follows that any defect that might have existed in the above instructions was waived, and this court will not, upon appeal, consider said assignment. Buckholts v. Wright, 186 Okla. 230, 97 P. 2d 44; City of Altus v. Martin, 185 Okla. 446, 94 P. 2d 1; Hunt Battery Mfg. Co. v. Stovall, 183 Okla. 242, 80 P. 2d 623; Liberty National Bank v. Exendine, 156 Okla. 26, 11 P. 2d 154.

The judgment of the trial court is affirmed.

WELCH, C. J., CORN, V. C. J., and OSBORN and GIBSON, JJ., concur.