TOWN OF OKEMAH v. LINDSEY.

No. 32341. Jan. 14, 1947.

176 P. 2d 489.

Arthur Cochran, of Okemah, for plaintiff in error.

Nolen & Ross, by Clyde F. Ross, all of Okemah, for defendant in error.

CORN, J. This is an appeal from a judgment rendered in behalf of plaintiff, Mary L. Lindsey, in an action

brought to recover damages for personal injuries alleged to have been sustained by reason of the defendant town of Okemah's negligence in allowing the existence of a dangerous and defective sidewalk.

Plaintiff alleged that on June 25, 1943, during the daytime, she was returning home, traveling in a careful and prudent manner, over the sidewalk maintained by the defendant. The walk in question had become deteriorated, broken in numerous places and unsafe for use, which fact was known to defendant. Upon reaching the point where the injury occurred a piece of concrete slab covering a small ditch under the sidewalk turned and plaintiff's foot was caught and she was thereby thrown to the ground. Her left knee was broken as a result of the accident and injuries alleged to be of a permanent nature were received, for which plaintiff asked $1,800 damages.

Defendant's answer was a general denial, together with a plea of contributory negligence. The jury returned a verdict in favor of plaintiff for $700.

The assignments of error upon which defendant urges reversal of the judgment are presented by general argument only. It is urged that a demurrer to the evidence should have been sustained, the evidence presenting only a question of law for the court; and that defendant's motion for a directed verdict at the close of all the evidence should have been sustained; motion for new trial should have been granted.

The argument offered by defendant, other than an extremely novel argument to be mentioned later, may be considered under two propositions, which are (1) defendant had no knowledge of the existence of any defective condition in the sidewalk; (2) plaintiff was guilty of contributory negligence.

Plaintiffs witnesses testified the defective condition of the sidewalk at this particular point (and in the general area) had existed for approximately a year prior to the date of plaintiff's injury. All the plaintiff's evidence corroborated the existence of the defect in the sidewalk. One witness further testified she had complained to one of the city officials concerning the condition of the sidewalk in the particular block, and had requested that same be repaired, but had been advised the city could not do this.

Plaintiff's evidence established that at the place the injury was received the cement walk was badly broken. All the witnesses testified that a small ditch, apparently for drainage, had been dug under the sidewalk at this particular point, and a triangular slab of concrete placed over the ditch. When plaintiff stepped upon this slab it tilted, causing her foot to slip into the hole, and resulting in her being injured. The ditch was filled by defendant's employees immediately following plaintiff's injury.

One witness, a city official, testified the sidewalk in this area was in very bad condition, and that he knew of this at the time of the accident, but had not done anything toward having the walk repaired although knowing of the existence of the dangerous condition.

Another of defendant's witnesses, the city treasurer, denied knowledge of having received complaint from anyone concerning the defective condition of the sidewalk.

Defendant urges that the evidence wholly fails to show that defendant had any knowledge or notice of the existence of a dangerous condition at the particular place where plaintiff was injured. In offering this argument defendant overlooks the testimony of the city official who testified that he knew of the defective condition of the sidewalk in the immediate area.

Defendant, in urging reversal of this judgment, relies upon the rule announced in Smith v. City of Tulsa, 172 Okla. 515, 45 P. 2d 689, and Oklahoma City v. Banks, 175 Okla. 569, 53 P. 2d

1120, that where a defect complained of is so slight no prudent person would anticipate danger, but accidents happen which should have been guarded against by exercise of ordinary care, the question of the responsibility of the city is a matter of law.

We have considered essentially this same argument most recently in Ponca City v. Swayne, 174 Okla. 576, 50 P. 2d 1082, and City of Ada v. Criswell, 185 Okla. 517, 94 P. 2d 838, and in these cases have held that where a defect is of a character that reasonable men might differ as to whether an accident might have been anticipated, the question of the city's liability is one of fact. In paragraph 4 of the City of Ada v. Criswell, supra, we held:

"It is the duty of a municipal corporation to exercise ordinary care in the inspection of its sidewalks to ascertain that the same are in reasonably safe condition for use of the public and, where plaintiff establishes a defective condition which has existed for a considerable length of time, and shows by testimony that an injury is the direct and proximate result of such defective condition, it is not error to overrule defendant's demurrer to the evidence or deny a peremptory instruction for the defendant. (Ponca City v. Swayne, 174 Okla. 576, 50 P. 2d 1082.)"

The uncontradicted testimony showed that the condition of the sidewalk from which plaintiff's injury resulted had existed for some months prior to the date of the injury. In such instances actual notice of the defect is not essential. As pointed out in City of Ada v. Criswell, supra, following the rule announced in the early case of City of Woodward v. Bowder, 46 Okla. 505, 149, P. 138:

"The existence of the fact of actual notice, or of facts constructively equivalent as a matter of law to actual notice, as well as the reasonable sufficiency of the measures taken to prevent injury from an unsafe condition of a sidewalk, are ordinarily questions for the jury to determine."

The second contention is that the ditch into which plaintiff fell was small and easily observed, and had plaintiff exercised ordinary care and judgment, she could have stepped across this ditch, without stepping on the concrete slab, and thus have saved herself from injury.

That the defense of contributory negligence is a question for the jury, under proper instructions from the trial court, is firmly settled. This theory of defense was submitted to the jury and the issue resolved in favor of the plaintiff. The jury obviously believed that plaintiff was traveling in a careful and prudent manner, and the evidence is sufficient upon which to base such finding.

Judgment affirmed.

HURST, C. J., DAVISON, V. C. J., and OSBORN, GIBSON, and ARNOLD, JJ., concur.