CITY OF HARTSHORNE, a municipal corporation, Plaintiff in Error,

v.

Ernestina CARLOMANGO, Defendant in Error.

No. 36711.

Supreme Court of Oklahoma.

Sept. 13, 1955.

B. S. Null, City Atty., Hartshorne, for plaintiff in error.

Brown, Brown & Brown, McAlester, by Lonnie W. Brown, McAlester, for defendant in error.

CORN, Justice.

Plaintiff brought this action to recover damages for personal injuries alleged to have resulted from defendant's negligence in permitting a dangerous condition to exist in a city sidewalk. The physical facts alleged to have created such condition, as disclosed by the pleadings and evidence, may be summarized in the following manner.

In Hartshorne, Oklahoma, one of the principal thoroughfares is a paved street designated as North 9th Street. A cement sidewalk 4 feet in width runs along the west side of the street, and plaintiff's residence is located upon this side of the street. In the vicinity of her home North 9th Street is bisected from east to west by a rock walled, open, drainage ditch, constructed by the W.P.A. in 1936, which serves as a part of the city drainage system. This ditch is approximately 7 feet wide and 5 feet deep. At the point where this ditch passes under the sidewalk a concrete slab extends approximately 2 additional feet to the west. Pedestrians traveling along the street necessarily cross over this concrete abridgement, since other drainage in this area leads into the big ditch in such manner as to prevent crossing at any other place in the immediate area except the sidewalk overpass. Plaintiff's residence is located on the west side of North 9th Street, and approximately 42 feet south of the ditch. Along the west edge of the sidewalk and north of her house is a growing hedge (1½ feet high) which extends nearly to the drainage ditch. The street light nearest the ditch is located approximately 100 yards south, and on the opposite side of the street. There was testimony this light was not burning the night of the accident.

The night of November 7, 1952, plaintiff left her home and traveled north along the sidewalk until she crossed the overpass over the drainage ditch. In the course of the return journey she fell from the sidewalk into the drainage ditch and received painful and permanent injuries to her arm, as to the nature and extent of which no issue is presented on appeal.

The petition charged defendant, a city of the first class within the meaning of 11 O.S.1951 § 674, its agents, servants and employees, with negligence and lack of care in the maintenance of the unguarded walk, without which the accident would not have occurred; and that the facts and circumstances were, or by reasonable care and diligence should have been, known to defendant, within sufficient time prior to date of the injury to have repaired the condition or otherwise abated the existing nuisance.

The defendant answered by general denial and further plead contributory negligence. Plaintiff replied by general denial. The issues raised were tried to a jury.

In addition to the matters above related, the evidence also disclosed that the mayor and city councilmen knew the circumstances and condition of the walk prior to the date of plaintiff's accident; and, prior to the accident, no protective guard or hand-rail had been erected along the west edge of the abridgement. The evidence also showed the city had built and maintained the sidewalk. The parties stipulated that defendant received the statutory notice of the pendency of plaintiff's claim as required under 11 O.S.1951 § 674.

After hearing the evidence the jury was taken to view the scene of the accident.

Thereafter the jury received the trial court's instructions, and, upon consideration of the matter, returned a verdict in plaintiff's favor ($750), upon which the judgment herein appealed from was rendered.

■ Defendant presents three propositions in urging reversal of this judgment. The first contention is that the trial court erred in overruling defendant's demurrer to the petition for the reason same failed to state a cause of action. The matters relied upon in the petition as constituting negligence of the defendant city in maintenance of a nuisance were summarized heretofore. It is recognized without exception that municipal corporations are required to exercise ordinary care to keep sidewalks in reasonably safe condition for their ordinary proper use.

Defendant relies upon our holdings in City of Ardmore v. Griffin, Okl., 261 P.2d 218; Hayes v. Oklahoma City, 187 Okl. 490, 103 P.2d 563; City of Woodward v. Bowder, 46 Okl. 505, 149 P. 138. Each of these decisions are sidewalk cases, and are cited by defendant as indicating adherence to the rule of municipal non-liability for injuries resulting from defective condition of the municipality's sidewalks. Casual consideration of the cited cases will reveal that, in instances of non-liability, the municipality had neither actual nor constructive notice of the defect or condition. The uncontradicted evidence in the present case disclosed actual knowledge upon the part of various city officials. The cited cases obviously do not announce the rule applicable in such a case.

■ The applicable rule, announced in numerous past decisions, is that where the defect in a city sidewalk is such that reasonable men might differ as to whether accident might be anticipated as a result thereof, the municipality's liability for injuries to a pedestrian because of such defect is a question of fact for the jury. See Town of Okemah v. Lindsey, 198 Okl. 114, 176 P.2d 489 and cases cited therein.

■ Defendant further urges the evidence herein was insufficient to support the verdict and judgment rendered thereon, and that the court erred in refusing to sustain defendant's demurrer to plaintiff's evidence. Defendant bases this argument largely upon the fact the evidence showed the ditch to have been in existence for a long period; plaintiff lived nearby for several years and used the walk, and that there was no record of anyone having fallen into the ditch theretofore, and that there was no evidence of actual or constructive notice to defendant of any dangerous condition. The first portion of such argument is based upon negative evidence; since clearly the lack of accidents having occurred theretofore would be only an element for the jury to consider. The evidence in respect to the existence of actual or constructive notice was sufficient to require the jury's determination of the matter. Town of Okemah v. Lindsey, supra; City of Norman v. Sallee, 205 Okl. 419, 238 P.2d 292. These matters were submitted to the jury and the issues resolved in plaintiff's favor. There was competent evidence reasonably tending to support the jury's determination of the matter. In such instances this court will neither review the evidence in order to determine the weight thereof, nor disturb the verdict of the jury on appeal. Grand Distributing Co. v. Adams, 206 Okl. 451, 244 P.2d 571.

■ Defendant also contends the evidence was insufficient to sustain the verdict, since it was revealed that plaintiff knew of the ditch, and by exercise of ordinary care could have avoided falling into the ditch and being injured. Contributory negligence is an affirmative defense which defendant must both plead and prove. Const. art. 23, § 6. The issue was plead by defendant, and presented to the jury by the evidence which defendant now asserts made it apparent plaintiff failed to use ordinary care. This question was for the jury to determine. Town of Okemah v. Lindsey, supra.

Judgment affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.