The **TOWN OF ANTLERS, OKLAHOMA,** a municipal corporation, Appellant,

v.

Harold **BENSON,** Appellee.

No. 5548.

United States Court of Appeals Tenth Circuit.

July 26, 1957.

Rehearing Denied Sept. 7, 1957.

438

Lee Welch, Antlers, Okl., for appellant.

Kenneth S. Lawson, Antlers, Okl., for appellee.

Before PHILLIPS, PICKETT and LEWIS, Circuit Judges.

PICKETT, Circuit Judge.

The plaintiff brought this action against the Town of Antlers, Oklahoma, to recover damages for injuries sustained by reason of a fall caused by alleged defects in a public sidewalk. The case was tried to the court without a jury, which found for the plaintiff and awarded damages in the sum of $4,500.

The court found that the sidewalk in question was four feet wide, upon which there was an abrupt elevation approximately three and one-half to four inches high, completely across the sidewalk, caused by growing tree roots underneath the sidewalk; that a trellis had been built over the sidewalk at the point of the elevation, which was covered with vines; that the nearest street light was approximately one hundred and fifty feet south; and that the plaintiff, while walking along the sidewalk in the nighttime, stumbled over the raised portion of the sidewalk and the injuries of which he complains resulted.

The court also found that the town did not have or maintain any sidewalk department, and had never built, authorized, constructed, repaired, or exercised jurisdiction or control over sidewalks generally, or the sidewalk upon which the injury occurred; that cement sidewalks within the town were constructed by the owners of the business or residential properties on which the sidewalks front.

The primary question is whether, under these conditions, there was liability on the part of the town. The town contends that until it acts under the Oklahoma Statute giving it "authority to construct, reconstruct, raise, lower, widen or repair sidewalks",[1] it owes no legal duty to the users of the sidewalk who are injured because they are defective. We think the Oklahoma law is to the contrary. Although the exact question has not been decided by the Supreme Court of Oklahoma, it has been held in numerous decisions that municipal corporations owe a duty to the traveling public to use ordinary care in

[1]  11 Okl.St.Ann. § 201; see also 11 Okl.Stat.Ann. § 1004.

maintaining its streets and sidewalks in safe condition. This is a primary obligation of the municipality and cannot be evaded, suspended or cast upon others by acts of the city. City of Hartshorne v. Carlomango, Okl., 287 P.2d 696; Walker v. Reeves, 204 Okl. 699, 233 P.2d 307; King v. J. E. Crosbie, Inc., 191 Okl. 525, 131 P.2d 105; City of Sapulpa v. Deason, 81 Okl. 51, 196 P. 544. A failure to discharge this duty constitutes negligence. City of Tulsa v. Macura, 186 Okl. 674, 100 P.2d 269, 272;[2] City of Ada v. Burrow, 171 Okl. 142, 42 P.2d 111.

■ It is the duty of a municipal corporation to exercise ordinary care in the inspection of its sidewalks to ascertain that they are in a reasonably safe condition for use by the public. Town of Okemah v. Lindsey, 198 Okl. 114, 176 P.2d 489; City of Ada v. Criswell, 185 Okl. 517, 94 P.2d 838; Ponca City v. Swayne, 174 Okl. 576, 50 P.2d 1082; Oklahoma City v. Stewart, 155 Okl. 37, 8 P.2d 30.

■ Where it is shown that a defective condition existed in a sidewalk a substantial length of time prior to an injury, actual notice to the city of the defect is not essential to recovery. City of Hartshorne v. Carlomango, supra; Town of Okemah v. Lindsey, supra; City of Tulsa v. Caudle, 193 Okl. 6, 141 P.2d 107; City of Tulsa v. Macura, supra; City of Ada v. Criswell, supra;

Oklahoma City v. Burns, 174 Okl. 512, 50 P.2d 1101; Oklahoma City v. Stewart, supra.

The foregoing rules have been applied by the Oklahoma courts regardless of the size of the city or town. City of Hartshorne v. Carlomango, supra; Town of Okemah v. Lindsey, supra; Town of Canton v. Mansfield, 108 Okl. 60, 233 P. 1071; Town of Quapaw v. Holden, 96 Okl. 281, 222 P. 680.

■■ It is argued that as the defect in the instant sidewalk was of such a trivial nature, judgment should have been entered for the town as a matter of law. It has been held in Oklahoma that if the defect is so slight that reasonable and prudent men would not anticipate an injury from it, there is no liability. Walker v. Reeves, supra; City of Okmulgee v. Bridges, 185 Okl. 537, 94 P.2d 927; Oklahoma City v. Cantrell, 181 Okl. 56, 72 P.2d 381; City of Ada v. Burrow, supra; City of Tulsa v. Frye, 165 Okl. 302, 25 P.2d 1080. The Oklahoma decisions, however, recognize that when a defect is of such a character that reasonable and prudent men might differ as to whether the accident should have been anticipated from the defect, the case is generally one for the jury. City of Hartshorne v. Carlomango, supra; Town of Okemah v. Lindsey, supra; Oklahoma City v. Marshall, 197 Okl. 302, 169 P.2d 1020, 1021;[3] City of Tulsa v. Lewis, 189

---

2. In City of Tulsa v. Macura, the contention was made that the city had no means within its control to effect sidewalk repairs and should be excused from liability for injuries caused thereby. In denying this defense, the court said:

"In this state the general rule is so well established as to obviate the citing of authorities: That it is incumbent upon a municipal corporation to use ordinary care and diligence in constructing and keeping its streets and sidewalks in a reasonably safe condition for public use, and if it fails to do so it is guilty of negligence, rendering it liable for injuries resulting from such negligence, if the injured party exercised ordinary care to avoid the injury.

"In the present case the proof shows that the defect in the sidewalk had existed for a long period of time prior to

the date of the accident. In the face of the record it cannot reasonably be claimed that the defect was trivial and of a minor nature. The extent of the defect might have been discovered by the use of ordinary care on the part of the city."

3. In Oklahoma City v. Marshall, the plaintiff was injured when he stumbled over a meter box which protruded two or three inches above the surface of an unimproved walkway within the city. As to the question of actionable negligence, the court said:

"It is contended that since the City had not recognized the need for a sidewalk in this area and it was not incumbent upon it to construct or maintain a sidewalk in this locality, the City is not guilty of negligence. We cannot agree with this contention. The evidence

Okl. 470, 117 P.2d 784; City of Okmulgee v. Bridges, supra; City of Tulsa v. Frye, supra. We think the facts in this case are such that it cannot be said as a matter of law that the defect in the sidewalk was so trivial that a reasonable and prudent person would not anticipate danger.

We find no merit in the town's remaining contentions that the plaintiff was guilty of contributory negligence and that the abutting property owner was primarily responsible for the injuries, therefore a settlement and release of the abutting property owner operated to release the town. The record does not contain the evidence except a statement of the plaintiff that he was not watching very carefully at the time of the injury. This in itself is insufficient to constitute negligence as a matter of law. As to the release of the abutting property owner, it is well settled in Oklahoma that a municipal corporation is primarily liable for injuries caused by defects in sidewalks and it is not the liability of the abutting landowner. Safeway Stores v. Duvall, 208 Okl. 21, 252 P.2d 1022; Walker v. Reeves, supra; King v. J. E. Crosbie, Inc., supra; City of Hugo v. Nance, 39 Okl. 640, 135 P. 346. The record is insufficient to raise the question that the judgment is excessive. Without the evidence, the court's findings will stand. Blackner v. McDermott, 10 Cir., 176 F.2d 498; Aetna Ins. Co. v. Rhodes, 10 Cir., 170 F.2d 111; Zander v. Lutheran Brotherhood of Minneapolis, Minn., 8 Cir., 137 F.2d 17; Albion-Idaho Land Co. v. Naf Irr. Co., 10 Cir., 97 F.2d 439; Turner v. Standard Ice & Fuel Co., 8 Cir., 292 F. 38.

Judgment affirmed.

---

discloses that the walkway was much used, and that the City had constructive notice of such use of that part of the street by pedestrians. In the early Kansas case of City of Atchison v. Mayhood, 69 Kan. 672, 77 P. 549, in which the facts are similar to those in the instant case, that court held:

" 'Where, for a term of years, there is a general use by foot travelers of the part of the public street lying outside of the improved roadway, the city may be deemed to have recognized such use and assumed responsibility for its being made safe, although no artificial sidewalk has been constructed.' * * * "