CITY OF ARDMORE, Ardmore, Oklahoma, a
municipal corporation, Plaintiff
in Error,

v.

Jane ROEDLER, Defendant in Error.

No. 39042.

Supreme Court of Oklahoma.

April 25, 1961.

Andrew B. Riddle, Jr., T. Fred Collins,
Ardmore, for plaintiff in error.

Fischl & Culp, Ardmore, for defendant
in error.

DAVISON, Justice.

Jane Roedler (plaintiff) instituted this
action against the City of Ardmore (de-

fendant) to recover damages because of expenses, loss of earning capacity and physical and mental pain and suffering resulting from personal injuries received as a result of a fall caused by a defect or hole or depression present in a city sidewalk due to negligence of defendant. The answer of the defendant was a general denial.

The cause was tried to a jury and resulted in a verdict and judgment for the plaintiff for $2,000. Defendant has appealed to this court.

The evidence is that plaintiff is a large or heavy person and that about 5:45 p. m. on June 13, 1957, she and her parents were walking on the concrete sidewalk adjoining Main Street in the business district of Ardmore when she stepped into a hole or depression caused by the settling of a meter box set in the sidewalk, causing her to fall. That as a result of the fall her right foot was fractured, her ankle sprained and twisted, her legs and body bruised; she spent several days in the hospital and was required to keep her foot in a cast for a period of nine weeks. Subsequent weakness in the foot and ankle resulted from the injury.

Defendant first contends in effect that the alleged defect was so minor and trivial and amounted to so slight a defect that no careful or prudent person would reasonably anticipate any danger from its existence, and that consequently defendant was not liable as a matter of law. Defendant relies upon Oklahoma City v. Banks, 175 Okl. 569, 53 P.2d 1120; Smith v. City of Tulsa, 172 Okl. 515, 45 P.2d 689; City of Woodward v. Mitch, Okl., 297 P.2d 557, and other cases of similar holding.

The record reflects that in the summer and fall of 1956, the defendant widened Main Street and in the course thereof moved the water meters back; that the meter "box" in question is constructed of concrete with a circular iron ring and lid on top and weighs about 200 pounds, and has a height and diameter of about 18 inches; that shortly after this meter box was set in the sidewalk it sank or settled so that the top was below the surface of the surrounding sidewalk. Plaintiff and her witnesses generally estimated the depth of the resulting hole at from 2 to 3 inches and defendant's estimate was 1¼ inch. The defendant repaired the defect on June 15, 1957, or 2 days after plaintiff fell. Two employees of adjacent business establishments testified they saw a number of people stumble and fall on or in the hole and that on several occasions they so advised policemen who were patrolling that beat. This was denied by the policemen although one of them admitted the meter "was down a little bit." A schedule of the monthly reading of the meter by city employees was introduced. No photographs of the spot were introduced.

■■■ In dealing with the liability of cities arising from obstructions and defects in streets and sidewalks this court in City of Tulsa v. Lewis, 189 Okl. 470, 117 P.2d 784, stated:

"In an action to recover damages alleged to have been caused by the negligence of a municipality in permitting an obstruction or defect to remain in a street or sidewalk, where the obstruction or defect shown by the evidence is so slight or trivial that careful and prudent men will agree that it would not amount to a danger or menace to the traveling public, there is no question of fact as to negligence to submit to a jury.

"But where in such an action the obstruction or defect as shown by the evidence is such that careful and prudent men might differ as to whether such obstruction or defect would amount to a danger or menace to the traveling public, then the question of negligence becomes one of fact for the jury."

The general nature of the above quoted pronouncements is obvious and in fact they must necessarily be of such character. In view of the great variety of circumstances

and situations presented in cases of this nature no specific rule as to size, shape, location or time appears to be capable of formulation that would be uniformly applicable in all instances. Each case will depend on the particular facts and circumstances.

As we interpret the evidence there was not a smooth depression as would ordinarily occur from long-continued use and wear but that the meter box had settled and separated from the surrounding surface of the sidewalk whereby there was created a dangerous hole. This was at a place in the walk where such a condition would not be expected and where no plan or design furnished a plausible excuse for its presence. Plaintiff's witnesses testified the defect was such that others had stumbled and fallen and sufficient to induce the witnesses to report the condition to city employees.

■ From a careful examination of the record we are of the opinion that it is debatable and that careful and prudent men might differ as to whether such obstruction or defect would amount to a danger or menace to the traveling public. In such case the question of negligence becomes one of fact for the jury. See City of Okmulgee v. Bridges, 185 Okl. 537, 94 P.2d 927; City of Guymon v. Eaton, 193 Okl. 73, 141 P.2d 555; City of Hartshorne v. Carlomango, Okl., 287 P.2d 696; Town of Okemah v. Lindsey, 198 Okl. 114, 176 P.2d 489.

We therefore hold that the trial court committed no error in treating the above issue as being one of fact rather than law.

Defendant also urges that the trial court erred in failing to sustain the demurrer to plaintiff's evidence because plaintiff failed to show a causal connection between the negligence averred and the damages suffered.

The evidence in this respect was that plaintiff and her father and mother were walking on the sidewalk when her foot turned and there was a cracking or popping sound and she fell and immediately experienced great pain and that on looking back she saw the sunken meter box. Both the father and mother testified the settled meter box caused the plaintiff to fall. Apparently there was no question in the minds of the jury and parties that plaintiff had stepped into the hole. In fact defendant's counsel on cross-examination inquired of plaintiff "how deep was the depression you say you stepped in, do you recall?" Defendant's argument that the testimony concerning the condition of the meter box was based on what plaintiff and her parents observed after the fall is not convincing. It appears to us as being rational that if plaintiff had observed the sunken condition of the meter before reaching the location that she would have avoided the hole and would not have fallen and received her injury.

Here the sunken condition of the meter box, the fall, and the consequent injuries were simultaneous as to condition, effect and result and, if believed by the jury, established causal connection between the alleged negligence and the injury.

■ A demurrer to plaintiff's evidence admits the truth of all the evidence favorable to the plaintiff, and admits the existence of all the facts which the evidence, together with all inferences that may reasonably and logically be drawn therefrom, in the slightest degree tends to prove. Gulf, Colorado and Santa Fe Railway Co. v. Blanton, Okl., 284 P.2d 736.

The trial court did not err in overruling defendant's demurrer to plaintiff's evidence.

Judgment affirmed.